**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HECTOR HERNANDEZ,

          Petitioner,          No. C 07-3427 PJH (PR)

  vs.                                        **ORDER TO SHOW CAUSE**

ARNOLD SCHWARZENEGGER, Governor,

          Respondent.

      Petitioner, a California prisoner currently incarcerated at the California Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

      The petition attacks the governor's reversal of the Board of Parole Hearings' decision to grant him a parole date, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

      In 1986 petitioner was convicted of second degree murder with use of a firearm. He received a sentence of fifteen years to life in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

**DISCUSSION**

*A. Standard of Review*

      This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

*B. Legal Claims*

On June 8, 2006, the Board of Parole Hearings found petitioner suitable for parole. ON November 2, 2006, the governor reversed that determination. Petitioner asserts that the governor's decision was not supported by evidence sufficient to avoid a due process violation. The claim requires a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

1  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
2  and serve on respondent an opposition or statement of non-opposition within thirty days of
3  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
4  within fifteen days of receipt of any opposition.

5       4. Petitioner is reminded that all communications with the court must be served on
6  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
7  must keep the court informed of any change of address and must comply with the court's
8  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
9  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
10 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

12      **IT IS SO ORDERED.**

14  Dated: July  9 , 2007.

    PHYLLIS J. HAMILTON
    United States District Judge

28  G:\PRO-SE\PJH\HC.07\HERNANDEZ427.OSC