# EXHIBIT 13
# Part 6 of 6

38

1    and states basically the same reasons as Dr. Reed.

2         Other information bearing upon your

3    unsuitability:  You have an escalating pattern of

4    criminal misconduct starting with burglary,

5    progression to armed robberies, assault with a deadly

6    weapon culminating in the senseless murder of the

7    victim with a sawed off shotgun.

8         The panel makes the following findings:  Your

9    gains are recent.  You must demonstrate an ability to

10   maintain gains over an extended period of time.  In

11   view of your assaultive history, your continued

12   negative behavior, and lack of program participation,

13   there is no indication that you would behave

14   differently if paroled.  Nevertheless, you should be

15   commended for participating in vocation mill and

16   cabinet, Alcoholic Anonymous, and maintaining a clean

17   disciplinary record since October the 10th, 1992.

18   However, these positive aspects and your behavior do

19   not outweigh the factors of unsuitability.

20        The denial, Mr. Hernandez, is for a period of

21   two years.  The hearing panel finds that it is not

22   reasonable to expect that parole would be granted at a

23   hearing during the following two years for the

24   following specific reasons:  You committed the offense

25   in an especially heinous, cruel, and atrocious manner

26   in that you had shot and killed the victim with a

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 3   5/22/95

39

1   sawed off shotgun while engaged in a drug transaction.

2   And as a result, a longer period of observation and

3   evaluation is required before the Board can set a

4   parole date.

5        Additionally, a longer period of time is

6   required to evaluate your suitability in view of your

7   long history of criminality and misconduct, including

8   multiple convictions for burglary, robbery, weapons

9   possession, drug abuse, and finally the life crime.

10  The recent psychological/psychiatric report by Dr.

11  Reed dated 1/9/95 indicates a need for a longer period

12  of observation and evaluation and treatment.

13       The panel makes the following recommendations

14  to you:  One is that you continue to remain

15  disciplinary free.  That you continue to upgrade

16  vocationally.  That you participate in self help and

17  therapy programming.

18       And I will give you a copy of our tentative

19  decision today as I indicated earlier.  This decision

20  will not become effective until approximately 90 days

21  at which time you will receive your notice from

22  Sacramento.  At that time you have 90 days from that

23  date to file an appeal.

24       Does the panel have any comments?  Mr. Koenig?

25       COMMISSIONER KOENIG:   No, I don't have any.

26       COMMISSIONER GIAQUINTO:   Good luck to you.

27  HECTOR HERNANDEZ    D-33689    DECISION PAGE 4   5/22/95

40

1          PRESIDING DEPUTY COMMISSIONER PLILER:    Keep up

2    the set program as you are doing a good job so far.

3          INMATE HERNANDEZ:    All right.    Thank you.

4    I'll try again.

5          PRESIDING DEPUTY COMMISSIONER PLILER:    This

6    concludes the hearing.    The time is fifteen after

7    2:00.

8

9

10

11

12

13                    /

14

15

16

17

18

19

20

21

22

23

24

25    PAROLE DENIED TWO YEARS          OCT 0 6 1995

26    EFFECTIVE DATE OF THIS DECISION    _____

27    HECTOR HERNANDEZ    D-33689    DECISION PAGE 5    5/22/95

# EXHIBIT "16"

BOARD OF PRISON TERMS                                                STATE OF CALIFORNIA

# LIFE PRISONER DECISION FACE SHEET

## PERIOD OF CONFINEMENT

### (RECORDS OFFICER USE ONLY)

|                                   | YR | MO | DAY |
|-----------------------------------|----|----|-----|
| Adjusted Period of Confinement ........ |    |    |     |
| Date Life Term Begins ........ | + |    |     |
| At Large Time ........ | + |    |     |
| PAROLE DATE ........ | = |    |     |

## MISCELLANEOUS

Denied 2 years    remain disciplinary free
upgrade Vocationally & Educationally
Participate in self help & therapy programming

PENAL CODE SECTION 3042 NOTICES    ☐ SENT    (Date)_____

COMMITMENT OFFENSE

| P187 W/P12022.5 | MURDER 2ND USE OF FIREARM (GUN) |
|-----------------|----------------------------------|
| (Code Section)  | (Title)                          |

| FRE 336275-3 | 01 |
|--------------|----|
| (Case Number) | (Count Number) |

| Date Received by CDC | Date Life Term Begins | Controlling MEPD |
|----------------------|-----------------------|------------------|
| 7-7-86               | 7-7-86                | 4-5-96           |

| Type of Hearing<br>☐ INITIAL ☒ SUBSEQUENT (Hearing No.) __1__ | If Subsequent Hearing, Date of Last Hearing<br>5-22-95' |
|---|---|

| Department Representative<br>GREG COOK, ASST C&PR | |
|---|---|

| Counsel for Prisoner<br>DIANE LUSHBOUGH | Address<br>P.O. BOX 1736, CLOVIS, CA 93613 |
|---|---|

| District Attorney Representative<br>NONE | County |
|---|---|

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a proposed decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:

| Presiding (Name) | Arthur F. Van Court | Date 7/ |
|---|---|---|
| Concurring (Name) | | Date /22/ |
| Concurring (Name) | | Date /97 |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|------|------------|-------------|----------|--------------|
| HERNANDEZ, HECTOR | D-33689 | NKSP | 7/97 | 7-22-97 |

PERMANENT APPENDIX

35

1    CALIFORNIA BOARD OF PRISON TERMS

2    D E C I S I O N

3    PRESIDING COMMISSIONER VAN COURT:    Mr.

4    Hernandez, the Panel reviewed all information received

5    from the public and relied on the following

6    circumstances in concluding that the prisoner is not

7    suitable for parole and would pose an unreasonable

8    risk of danger to society and a threat to public

9    safety if released from prison.   The sentence was

10   carried out in an especially cruel and callous manner.

11   The offense was carried out in a dispassionate and

12   calculated manner.   These conclusions are drawn from

13   the Statement of Facts where the prisoner went to the

14   victim's residence to get some heroin, ended up

15   kicking open the door, and had stated, "Give me the

16   gun and give me the chiva," or heroin, and then shot

17   and killed the victim.   The prisoner has a record of

18   violence and assaultive behavior, an escalating

19   pattern of criminal conduct and violence, a persistent

20   pattern of tumultuous relationships and criminal

21   behavior which commenced at an early age, an unstable

22   social history, he failed to profit from society's

23   previous attempts to correct his criminality.   Such

24   attempts included juvenile probation, CYA commitment,

25   and juvenile camp.   An unstable social history and

26   prior criminality which included, but is not limited

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 1    7/22/97

36

1    to at least 17 arrests as a juvenile for everything

2    from grand theft to burglary to assault with a deadly

3    weapon to possession of heroin, possession of a

4    controlled substance, resisting arrest and petty

5    theft, to mention a few.  The prisoner has failed to

6    demonstrate evidence of a positive change.  Misconduct

7    while incarcerated includes six CDC 115s, 12 128As.

8    However, he does have his classification score down to

9    2.  And the psychological, psychiatric report dated

10   April 25th, 1997 by Dr. R. Hall, Ph.D., is not totally

11   supportive.  It -- just a second -- in Conclusions and

12   Recommendations, it says, "Inmate Hernandez has a long

13   history of polysubstance abuse and has explored AA

14   groups four months prior to incarceration.  Since his

15   incarceration, 7-7-86, Inmate Hernandez has received

16   six CDC 115s and 12 128As to (inaudible) counseling

17   disciplinary.  He received numerous laudatory chronos

18   and appears to be programming quite well.  Inmate

19   Hernandez chose not to discuss the instant offense,

20   but appeared to be grappling with the deviant

21   behavior.  Issues were raised with the inmate in hopes

22   he will avail himself of various psychotherapy groups

23   offered at prison.  It is imperative that Inmate

24   Hernandez remain disciplinary free henceforth and

25   continue with his programming.  Since his commitment

26   offense involved drug abuse, Inmate Hernandez is

27   **HECTOR HERNANDEZ    D-33689    DECISION PAGE 2    7/22/97**

37

1   encouraged to participate in AA programs and move

2   through the Twelve Steps, possibly staying with the

3   program the rest of his life.  Inmate Hernandez was

4   given the name of a staff psychiatric social worker

5   who conducts alcohol abuse programs at NKSP.  He is

6   encouraged to participate in this program concurrently

7   with the AA program.  The results of Inmate Hernandez

8   TABE testing indicates academic achievement well above

9   the average inmate in general population.  He is

10  encouraged to further his vocational skills, gaining

11  certification in multiple disciplines.  Inmate

12  Hernandez should take as many self-help programs as

13  possible currently offered at this prison.  Focusing

14  on criminal thinking, dealing with the depression,

15  alcohol and substance abuse and process groups.  A

16  condition of parole should clearly include AA, drug

17  testing and self-help psychotherapy groups.  The --

18  and that was written by Dr. R. Hall, Ph.D."  The

19  prisoner needs therapy in order to gain insight on why

20  he committed the crime.  Nevertheless, the prisoner

21  should be commended for being disciplinary free --

22  (end of recording on tape 1 of 2, side a.  Tape 2 of

23  2, side a:)  The prisoner is denied parole for a

24  period of two years.  The Hearing Panel finds that

25  it's not reasonable to expect that parole would be

26  granted at a hearing during the following two years.

27  HECTOR HERNANDEZ    D-33689   DECISION PAGE 3    7/22/97

38

1     The specific reasons are as follows, and that's -- of

2     course is the crime itself.  The prisoner committed.

3     the offense in an especially cruel and class manner.

4     Specifically he went to a drug dealer's house with the

5     idea of getting some heroin.  But, of course, he was

6     armed with a shotgun and without further ado shot and

7     killed the drug dealer when he kicked the door open.

8     As a result of, a longer period of observation and

9     evaluation is required before the Board should set a

10    parole date.  The prisoner has not completed necessary

11    programming, which is essential.  We want you to get

12    back and learn all Twelve Steps.  Learn them all and

13    stay very active in the AA program.  And finish that

14    Mill and Cabinet, because that would guarantee you a

15    good job when you get out, because that's what's

16    important is that you stay working and not out

17    shooting dope and stealing things, okay?

18            INMATE HERNANDEZ:    Okay.

19            PRESIDING COMMISSIONER VAN COURT:    And the

20    Panel recommends that you remain disciplinary free,

21    upgrade vocationally and educationally and participate

22    in self-help and therapy programming.  You're doing

23    well, especially staying away from those disciplinary

24    problems.  You've done that for five years.  We want

25    to make sure now you can do it for seven.  Do you have

26    anything to say, Commissioner Koenig?

27    HECTOR HERNANDEZ     D-33689   DECISION PAGE 4    7/22/97

39

1          COMMISSIONER KOENIG:    No.   Thank you.

2          PRESIDING COMMISSIONER VAN COURT:

3    Commissioner Baker?

4          COMMISSIONER BAKER:    No.   Thank you.

5          PRESIDING COMMISSIONER VAN COURT:    Wish you

6    good luck, partner.   Take care.

7                      --o0o--

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    PAROLE DENIED TWO YEARS

26    EFFECTIVE DATE OF THIS DECISION _____ SEP 1 8 1997

27    HECTOR HERNANDEZ     D-33689   DECISION PAGE 5    7/22/97

40

## CERTIFICATE AND
## DECLARATION OF TRANSCRIBER

I, S. PALMER, a transcriber, subcontracted by PETERS SHORTHAND REPORTING CORPORATION, do hereby declare and certify under penalty of perjury that I have transcribed the tapes which total two in number and cover a total of pages numbered 1 - 39, and which recording was duly recorded at NORTH KERN STATE PRISON, DELANO, CALIFORNIA, in the matter of the SUBSEQUENT PAROLE CONSIDERATION HEARING of HECTOR HERNANDEZ, CDC No. D-33689, on JULY 22, 1997, and that the foregoing pages constitute a true, complete and accurate transcription of the aforementioned tapes to the best of my ability.

I hereby certify that I am a disinterested party in the above-captioned matter and have no interest in the outcome of the Hearing.

Dated September 8, 1997 at Sacramento, California.

_____

S. Palmer, Transcriber

# EXHIBIT    "17"

44

1       CALIFORNIA BOARD OF PRISON TERMS

2                D E C I S I O N

3       DEPUTY COMMISSIONER FILANGERI:    We're back on

4   the record, Mr. Hepburn.

5       PRESIDING COMMISSIONER HEPBURN:    All right.

6   Parties have returned to the room.    It's 10:46 a.m.

7   Mr. Hernandez, we denied your parole for a two year

8   period.    The Panel reviewed all the information

9   received from the public and relied on the following

10  circumstances in concluding that the prison is not

11  suitable for parole and would pose an unreasonable

12  risk of danger to society or a threat to public safety

13  if released from prison.    Number one was the

14  commitment offense itself which the Panel finds was

15  carried out in an especially cruel manner, cruel or

16  callous manner.    These conclusions are drawn from the

17  Statement of Facts wherein the prisoner went to the

18  home of his drug connection who dealt heroin.

19  Mr. Hernandez had a heroin habit at the time.    He went

20  there armed with a sawed-off shotgun, kicked in the

21  door and demanded drugs and shot the victim in the

22  chest with the shotgun, killing him.    Regarding his

23  previous record, he did have a significant previous

24  record.    On previous occasions, he inflicted or

25  attempted to inflict serious injury on a victim.    He

26  had a record of violence or assaultive behavior and an

27  HECTOR HERNANDEZ    D-33689    DECISION PAGE 1    12/14/99

45

1    escalating pattern of criminal conduct or violence.

2    He failed to profit from society's previous attempts

3    to correct his criminality and such attempts included

4    juvenile probation, juvenile camp, CYA and a prior

5    prison term.  In fact he had three CYA commitments and

6    one commitment to federal prison and he had a long

7    history of substance abuse, particularly his addiction

8    to heroin which was a factor in the commitment offense

9    itself.  Regarding his institutional behavior, he has

10   programmed in a limited manner while incarcerated.

11   He's been fairly disciplinary-free in recent years,

12   however he did have a 115 earlier this year, February

13   of '99 for grooming standards.  However a review of

14   that 115 did not indicate any aggravating

15   circumstances involving that.  Psychiatric report

16   completed July 1st of '99 by Dr. Reed points out a

17   couple of issues still of concern to the Board.  One,

18   there's still a diagnosis of Anti-Social Personality

19   Disorder, however improving.  And then it also

20   indicates that probably there is some additional work

21   that needs to be done in the area of the 12 Step

22   program in that Mr. Hernandez's knowledge and

23   application of it is to a certain degree limited at

24   this point.  Deputy District Attorney from Fresno

25   County attended the hearing, voice opposition to

26   parole from Mr. Hernandez.  And the Panel makes the

27   **HECTOR HERNANDEZ    D-33689    DECISION PAGE 2    12/14/99**

46

1     following findings:  That the prisoner needs therapy

2     in order to face, discuss, understand and cope with

3     stress in a non-destructive manner.  Until progress is

4     made, the prisoner continues to be unpredictable and a

5     threat to others.  This is a two year denial as I

6     previously mentioned.  In a separate decision the

7     hearing Panel finds that it's not reasonable to expect

8     that parole would be granted at a hearing during the

9     following two years.  The specific reasons for this

10    finding are as follows:  Number one, the commitment

11    which the Panel finds was carried out in an especially

12    cruel manner.  Specifically Mr. Hernandez shot and

13    killed his drug connection in a dispute with a sawed-

14    off shotgun.  Also Mr. Hernandez has an extensive

15    history of criminality and misconduct including a long

16    history of arrests going back to the time he was 11

17    years of age, repeated incarcerations in juvenile

18    institutions including three commitments to CYA and

19    one commitment to federal prison.  As an adult, he

20    also has a long history of substance abuse, a variety

21    of substances including an addiction to heroin for the

22    last couple of years that he was free prior to his

23    commitment on the life offense.  He did have a recent

24    115 this year, although it was not aggravated, but it

25    was a 115 for violating grooming standards.  And the

26    recent psychiatric report by Dr. Reed indicates a need

27    **HECTOR HERNANDEZ    D-33689    DECISION PAGE 3    12/14/99**

47

1    for a longer period of observation and treatment in a

2    couple of areas.  Therefore a longer period of

3    observation or evaluation of the prisoner is required

4    before the Board should find that the prisoner is

5    suitable for parole.  And the Panel recommends that

6    the prisoner become disciplinary-free, if available

7    continue to upgrade educationally which he is doing

8    and he should be commended for that and if available,

9    participate in self-help and therapy programming.  And

10    that completes the reading of the decision,

11    Mr. Hernandez.  Here's a copy.  Mr. Ortega, do you

12    have any comments?

13            COMMISSIONER ORTEGA:  Nothing.

14            PRESIDING COMMISSIONER HEPBURN:  Mr. Filangeri?

15            DEPUTY COMMISSIONER FILANGERI:  No, none, thank

16    you.

17            PRESIDING COMMISSIONER HEPBURN:  All right.

18    That will complete this hearing then.  The time is

19    10:50 a.m.  Good luck to you.

20            INMATE HERNANDEZ:  May I make a statement?

21            PRESIDING COMMISSIONER HEPBURN:  Go ahead.

22            INMATE HERNANDEZ:  While I respect your

23    decision-regardless if I don't fully agree with it, I

24    am going to endeavor to comply in every way you know,

25    to bring a satisfactory conditions, eligibility for

26    parole.  And excuse me if I speak freely, but it is

27    HECTOR HERNANDEZ   D-33689    DECISION PAGE 4   12/14/99

48

1    very difficult to do these things and it seems that

2    once I complete them, all these requirements, that

3    I'll probably fly out of here with wings. I'll be

4    pretty much an angel. Otherwise, when I make my

5    decisions, when I'm decided on something, I take under

6    consideration what will be the most good for not only

7    me, but for all involved you know. And there's so

8    much suffering, pain and suffering in not only my

9    life, but my family's life, but in this you know

10   entire country and in our system. And pardon me for

11   saying so, but it appears that (inaudible) somewhat

12   functioning dysfunctionally. But I will do my part to

13   correct and I'm willing to do whatever it is. I would

14   normally request that this Panel and every guest here,

15   person that participated would take into consideration

16   these things and be aware of the condition that our

17   country is in, children killing children and other

18   things and instead of addressing after the fact, after

19   it's been committed, that we would search out for ways

20   of reaching before it comes to that point. And I am

21   willing to do my part and humbly beseeched, request

22   that people would come forward and see a person when

23   they're willing to serve humanity, serve their country

24   and --

25        PRESIDING COMMISSIONER HEPBURN: All right,

26   Mr. Hernandez, thank you for your comments.

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 5    12/14/99

49

1        INMATE HERNANDEZ:  Thank you for (inaudible) --

2        PRESIDING COMMISSIONER HEPBURN:  All right,

3 good luck to you.

4                --o0o--

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 PAROLE DENIED TWO YEARS

26 EFFECTIVE DATE OF THIS DECISION    DEC 3 0 1999

27 HECTOR HERNANDEZ   D-33689   DECISION PAGE 6   12/14/99

# EXHIBIT "18"

BOARD OF PRISON TERMS                                    *Peabody*                STATE OF CALIFORNIA
LIFE PRISONER DECISION FACE SHEET

## PERIOD OF CONFINEMENT

### (RECORDS OFFICER USE ONLY)

|                              |   | YR | MO | DAY |
|------------------------------|---|----|----|-----|
| Adjusted Period of Confinement.. |   | + 86 | 12 | 22 |
| Date Life Term Begins ....   |   | + |    |     |
| At Large Time......           |   | = |    |     |
| PAROLE DATE                   |   |   |    |     |

## MISCELLANEOUS

*PAROLE DENIED ONE YEAR*

Panel recommendations and requests:
_____ Become _____ Remain disciplinary free.
_____ Work towards reducing his/her custody level.
_____ Upgrade _____ vocationally _____ educationally
_____ Participate      self-help          therapy.
      in              (and)
      Transfer         Cat. X           Cat. T.
_____ to            _____            _____

---

PENAL CODE SECTION 3042 NOTICES    X SENT    (Date) 12/14/01

## COMMITMENT OFFENSE

| 187 W/12022.5 | MURDER 2ND W/USE F'ARM |
|---------------|------------------------|
| (Code Section) | (Title) |
| 3362753 | 01 |
| (Case Number) | (Count Number) |

| Date Received by CDC 07/07/86 | Date Life Term Begins 12-22-86 | Controlling MEPD 08/03/96 |
|---|---|---|
| Type of Hearing ☐ INITIAL  X SUBSEQUENT (Hearing No.) 3 | | If Subsequent Hearing, Date of Last Hearing 12-14-99 |

Department Representative
S. LEVORSE, C&PR

| Counsel for Prisoner JOHN MCPHERSON | Address |
|---|---|
| District Attorney Representative NO REP. | County FRESNO |

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a **proposed** decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:

| Presiding (Name) _____ | Date 01/ |
| Concurring (Name) N/A PER SB 778 | Date /29/ |
| Concurring (Name) _____ | Date /02 |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|------|-----------|-------------|----------|--------------|
| HERNANDEZ, HECTOR | D33689 | CTF | DECEMBER 2001 | 1-29-02 |

BPT 1001 (Rev. 1/91)

40

1      CALIFORNIA BOARD OF PRISON TERMS

2                D E C I S I O N

3          **DEPUTY COMMISSIONER RODRIGUEZ:**  Back on

4      record.  All parties are present.

5          **PRESIDING COMMISSIONER ANGELE:**  This is the

6      matter of Hector Hernandez.  Mr. Hernandez, the

7      Panel has reviewed all information received from the

8      public and relied on the following circumstances in

9      concluding that you're not yet suitable for parole

10     and would pose an unreasonable risk of danger to

11     society and threat to public safety if released from

12     prison.  The offense was carried out in a violent

13     manner.  The offense was carried out in a manner

14     which demonstrates a disregard for human life.

15     Conclusions are drawn from the Statement of Facts

16     wherein the inmate on 8/15, '85 went to the victim's

17     residence, offered a shotgun for the purpose of

18     purchasing heroin.  Inmate had been in previous

19     arguments with the victim in regards to money issues

20     and quality issued of the heroin he was buying.  An

21     argument ensued and as a result the inmate shot and

22     killed the victim.  Inmate did have an escalating

23     pattern of criminal conduct.  He's failed to profit

24     from society's previous attempts to correct his

25     criminality which include juvenile probation,

26     juvenile hall, adult probation, CYA commitment,

27     **HECTOR HERNANDEZ   D-33689   DECISION PAGE 1   1/29/02**

41

1   county jail, adult probation and a prior federal

2   prison term.   Inmate during his incarceration has

3   received 11 128A counseling chronos, last of 6/17 of

4   2000.   He's received seven 115s, the last one being

5   2/9, '99 for grooming which means he has had no 115s

6   since his last hearing.   The psychological

7   evaluation dated 7/1, '99 by Joe Reed, R-E-E-D, we

8   would consider that as being positive.   The prisoner

9   does lack parole plans in that he has no verifiable

10  residential plans in last county of legal residence,

11  however he does have letters indicating that he is

12  going to attempt to find places outside of family

13  residence such as a rehabilitation center and we

14  would commend him for that also.   The Panel makes

15  the following finding:   Inmate needs additional time

16  in order to fully understand and deal with the

17  causative factors that led to the commitment of the

18  life crime.   The prisoner's gains are recent and he

19  must demonstrate an ability to maintain gains over

20  an extended period of time.   Nevertheless he should

21  be commended for his work in NA, his 13 week Impact

22  Program of course, his Peer Education and his

23  cumulative disease course.   However these positive

24  aspects of his behavior do not outweigh the factors

25  of unsuitability.   Mr. Hernandez, denial is for a

26  period of one year.   The Panel recommends that you

27  **HECTOR HERNANDEZ   D-33689   DECISION PAGE 2   1/29/02**

42

1    remain disciplinary-free, also become disciplinary-
2    free.  The 128s don't do you any good neither,
3    especially the one you had disregarding yard call
4    procedures.  I heard what you said about the reason
5    behind it and I do accept part of what you said also
6    but you've still got to do your best to stay away
7    from those also, whatever you can do, and in a
8    misunderstanding like that probably you should have
9    filed a 602 on it, okay.  Follow me?
10           INMATE HERNANDEZ:  Yes.
11           PRESIDING COMMISSIONER ANGELE:  To get it
12   cleaned up for you although I'll be very honest with
13   you.  I did not include that in my decision that I
14   made.  Commissioner Rodriguez discussed it but it
15   was not part of my decision as far as my rationale.
16   I want you to again become disciplinary-free on the
17   128s and remain disciplinary-free on the 115s and to
18   the same thing you're doing now vocationally,
19   educationally and in self-help therapy programming.
20   I do want to emphasize upon you that it's very very
21   important that you have letters of support from
22   people out there, primarily family people.  The
23   significance of what I'm telling you now, you've got
24   to understand you may think it's inconveniencing
25   people.  You have brothers, you've got sisters,
26   you've got relatives out there that believe in you.
27   HECTOR HERNANDEZ  D-33689  DECISION PAGE 3  1/29/02

43

1    Get those letters in here.  That's another thing

2    that would help you.  The crime you committed, I

3    read -- I took a little bit longer during the recess

4    here to read some more of the crime and I understand

5    how this thing went down.  I can understand what

6    probably happened but understand also that you'd

7    gone there in the first place with a shotgun.  It

8    gives us an indication that you anticipated some

9    problems.  The hearing is conducted based upon what

10   happens at court which means you were found guilty

11   by a jury trial (inaudible) appellate review so

12   that's what we're looking at here.  I think you're

13   doing pretty good, you're on the right course, and

14   to be very very honest with you you're a guy that I

15   can see based on the crime that you committed that I

16   could give a date to.  You're doing pretty decent

17   and I do wish you good luck.  Once again this is for

18   a period of one year and that does conclude the

19   reading of the decision.  Commissioner Rodriguez?

20        **DEPUTY COMMISSIONER RODRIGUEZ:**  Yeah,

21   Mr. Hernandez, I want to say briefly we did review

22   the Central File to see that you did get an Olson

23   review which means you got to see your Central File,

24   correct?

25        **INMATE HERNANDEZ:**  Yes, that's correct.

26        **DEPUTY COMMISSIONER RODRIGUEZ:**  When you do

27   **HECTOR HERNANDEZ  D-33689  DECISION PAGE 4  1/29/02**

44

1    that you need to do a thorough review because we

2    cannot give you appropriate credit for having a

3    vocation.  Like I said I do see you do have

4    certificates of achievement which are basically

5    components of mill and cabinet.  If you do have your

6    certificate of completion as you say you do make

7    sure you get it to your counselor so we can give you

8    appropriate credit, okay.  And I want to wish you

9    good luck and I agree with Commissioner Angele.  You

10   are on the right track and good luck.

11          INMATE HERNANDEZ:  Thank you.

12          PRESIDING COMMISSIONER ANGELE:  That does

13   conclude the hearing.  Time is approximately 11:08

14   and good luck to you, sir.

15          INMATE HERNANDEZ:  Thank you.

16          ATTORNEY MACPHERSON:  Are we going to go

17   right into this next hearing?

18          PRESIDING COMMISSIONER ANGELE:  Five or ten

19   minutes, yes.

20                         --oOo--

21

22

23

24

25   PAROLE DENIED ONE YEAR

26   EFFECTIVE DATE OF THIS DECISION_____ MAR 0 4 2002

27   HECTOR HERNANDEZ  D-33689  DECISION PAGE 5    1/29/02

45

CERTIFICATE AND

DECLARATION OF TRANSCRIBER


I, DEBBIE OWENS, a duly designated

transcriber, CAPITOL ELECTRONIC REPORTING, do hereby

declare and certify under penalty of perjury that I

have transcribed tape(s) which total one in number

and cover a total of pages numbered 1 through 44,

and which recording was duly recorded at

CORRECTIONAL TRAINING FACILITY, at SOLEDAD,

CALIFORNIA, in the matter of the SUBSEQUENT PAROLE

CONSIDERATION HEARING of HECTOR HERNANDEZ, CDC No.

D-33689, on January 29, 2002, and that the foregoing

pages constitute a true, complete, and accurate

transcription of the aforementioned tape(s) to the

best of my ability.

I hereby certify that I am a disinterested

party in the above-captioned matter and have no

interest in the outcome of the hearing.

Dated February 7, 2002 at Sacramento County,

California.


Debbie Owens
Transcriber
**CAPITOL ELECTRONIC REPORTING**

# EXHIBIT    "19"

BOARD OF PRISON TERMS
LIFE PRISONER DECISION FACE SHEET

STATE OF CALIFORNIA

## PERIOD OF CONFINEMENT
### (RECORDS OFFICER USE ONLY)

| | YR | MO | DAY |
|---|---|---|---|
| Adjusted Period of Confinement.. | 1986 | 12 | 22 |
| Date Life Term Begins .... | + | | |
| At Large Time...... | = | | |

PAROLE DATE

## MISCELLANEOUS

*YR DENIAL*

Panel recommendations and requests:
_____ Become ___ Remain disciplinary free.
_____ Work towards reducing his/her custody level. *(cell study)*
_____ Upgrade ___ vocationally ___ educationally
_____ Participate in ___ self-help (and) ___ therapy.
_____ Transfer to _____ Cat. X _____ Cat. T.

PENAL CODE SECTION 3042 NOTICES    ☒ SENT    (Date) 12/18/02

COMMITMENT OFFENSE

| P187 W/12022.5 | MURDER 2ND W/USE OF FIRE ARM |
|---|---|
| (Code Section) | (Title) |
| 3362753 | 01 |
| (Case Number) | (Count Number) |

| Date Received by CDC 7/7/86 | Date Life Term Begins 12-22-86 | Controlling MEPD 8/3/96 |
|---|---|---|
| Type of Hearing ☐ INITIAL  ☒ SUBSEQUENT (Hearing No.) #4 | | If Subsequent Hearing, Date of Last Hearing 01-29-02 |

Department Representative
D.S. LEVORSE, C&PR

| Counsel for Prisoner DAVID SPOWART | Address |
|---|---|
| District Attorney Representative NO REPRESENTATIVE | County FRESNO |

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a __proposed__ decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:
Presiding (Name) _Leonard ElMuno_    Date 2/20/03
Concurring (Name) _J. Easter_    Date
Concurring (Name)    Date

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| HERNANDEZ, HECTOR | D33689 | CTF | 1/03 | 02-20-03 |

BPT 1001 (Rev. 1/91)

Community Release Board                                          State of California

**IFE PRISONER: PAROLE CONSIDERATION**
**ROPOSED DECISION  (CRB § 2041)**

I.  [✓]  PAROLE DENIED  / ya

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

I.  [ ]  PAROLE GRANTED

A.  Base Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ Months

| Case No. | Count No. | Offense |
|----------|-----------|---------|

B.  Firearm Enhancement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

C.  Other Crimes Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

| Case No. | Count No. | Offense | _____ mos. |
|----------|-----------|---------|------------|

| Case No. | Count No. | Offense | _____ mos. |
|----------|-----------|---------|------------|

| Case No. | Count No. | Offense | _____ mos. |
|----------|-----------|---------|------------|

D.  Total Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .= _____ Months

E.  Postconviction Credit From _____ To _____ − _____ Months
                                    (Date)              (Date)

F.  Total Period of Confinement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ≡ _____ Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to CRB § 2041, and, if approved, a copy of the approved decision will be sent to you within 30 days, and at that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in CRB § 2451. Such conduct may result in rescission or postponement of your parole.

III.  If the proposed decision denying or granting parole is disapproved, you will receive a copy of the decision and the reasons for disapproval. The proposed decision will have no effect and you will be scheduled for another hearing if necessary.

**PANEL HEARING CASE**

| Name | Date |
|------|------|
| *[signature]* | 2 20 03 |
| Name *[signature] Easler* | Date 2 |
| Name | Date |

| NAME | CDC NUMBER | INSTITUTION | HEARING DATE |
|------|-----------|-------------|--------------|
| Hernandez, Hector | D33689 | CTF | 2-20-03 |

58

1          CALIFORNIA BOARD OF PRISON TERMS

2                  D E C I S I O N

3          DEPUTY COMMISSIONER GARNER-EASTER:  We're

4     back on record.

5          PRESIDING COMMISSIONER MUNOZ:  All right.

6     Thank you.  It's 10 minutes after 10 a.m., and the

7     parole consideration hearing for Inmate Hernandez

8     has resumed.  And Mr. Spowart, there was something

9     you wanted to say, sir.

10         ATTORNEY SPOWART:  Yes.  In my closing

11    argument, I admitted to one point.  There is no

12    person here today from the county of commitment,

13    and there is no letter from either the DA or the

14    sheriff or the police.  And that would lead me to

15    believe that they are not -- they are not

16    against my client receiving a date today.

17         PRESIDING COMMISSIONER MUNOZ:  All right.

18    Understand that I did mention during the course of

19    the hearing that we had no letters of opposition

20    from any corner, and we certainly considered that

21    during our deliberations.  And Mr. Hernandez, this

22    Panel reviewed all information received from the

23    public and relied on the following circumstances in

24    concluding that you're not suitable for parole, and

25    that you would pose an unreasonable risk of danger

26    to society if released from prison at this time.

27    HECTOR HERNANDEZ   D-33689   DECISION PAGE 1   2/20/03

59

```
 1    Many factors were considered.  First and foremost
 2    was the commitment offense and the nature of that
 3    offense.  This offense was carried out in a cruel
 4    manner with a callous disregard for human
 5    suffering.  And unfortunately one individual, the
 6    victim in this case, Mr. Bustos, was killed as a
 7    result of your actions.  And there were others that
 8    were exposed to great risk.  Other people were
 9    present when you killed Mr. Bustos.  You shot him
10    with a shotgun, and they were certainly exposed to
11    great risk.  These conclusions are drawn from the
12    Statement of Facts wherein the prisoner, while
13    immersed in a drug lifestyle, he was addicted to
14    heroin at the time of the commitment offense, went
15    to the home of his local supplier, someone he had
16    done business with in the past, to buy some heroin.
17    He claims he armed himself with a shotgun because
18    he had had run-ins with this particular individual,
19    the victim in this case, in the past, or he had
20    been shortchanged either in money or the quality or
21    the amount of the heroin.  Apparently he gave
22    someone in the residence some money for some heroin
23    and grew tired of waiting.  Forced entry into the
24    apartment.  A confrontation followed and -- between
25    the inmate and the victim.  The victim had a
26    handgun, apparently, in his waistband.  And during
27    HECTOR HERNANDEZ  D-33689  DECISION PAGE 2  2/20/03
```

60

1    the confrontation -- during the argument, the

2    inmate grew fearful that the victim would shoot

3    him, and he fired his shotgun at the victim from

4    about seven to eight feet, resulting in the demise

5    of a human being.  The inmate fled the location

6    without rendering aid to the victim and did not

7    turn himself in.  He was arrested a few days later.

8    The -- As he fled, the victim took the weapon that

9    the -- Excuse me.  The inmate took the weapon that

10   the victim had on his waistband.  And at the time

11   of the commitment offense, as I indicated, he was

12   going through an unstable period in his life.  He

13   was addicted to heroin.  His prior criminality

14   includes a number of arrests, primarily property

15   arrest or some violence related arrests.  I think

16   only one conviction.  You went to CYA for an armed

17   robbery.  There -- He has -- The record also

18   reflects some drug-related arrests, a couple of

19   Safety Code violations, and he's failed to profit

20   from society's previous attempts to correct his

21   criminality, which includes juvenile probation,

22   some time in juvenile hall, a CYA commitment, adult

23   probation, some county jail, adult probation, and a

24   prior -- a federal prison term.  During this period

25   of incarceration, this inmate has received eleven

26   128(a)s and seven 115s.  There were no disciplinary

27   **HECTOR HERNANDEZ   D-33689   DECISION PAGE 3   2/20/03**

61

1    citations since his last parole consideration

2    hearing.  As a matter of fact, there are none since

3    1999.  The most recent psychological evaluation is

4    a good evaluation.  And that's the 1999 evaluation

5    by Dr. Reed.  It's good and positive.  We looked at

6    his parole plans.  He does have letters of support

7    and commitment from his parents offering their

8    residence and any support they might be able to

9    give him to complete successful parole.  He also

10   has the letter from his defense counsel who is also

11   willing to assist him.  There is no firm job offer

12   at this point.  And the plans -- And the residency

13   plans do comply with the general or the basic rule

14   to reside in the county of residency at the time of

15   the commitment offense.  This Panel makes the

16   following findings, that this inmate needs to

17   continue to participate in self-help programming,

18   any and all that becomes available.  He also needs

19   to take part in therapy if any becomes available.

20   And we realize that there's not much available out

21   there as far as therapy is concerned.  But if

22   anything should come up, we certainly urge this

23   inmate to take part in that therapy.  This Panel

24   feels that the inmate needs to delve deeper into

25   the causation factors involved in the commitment

26   offense.  In speaking with him today, we realize

27   **HECTOR HERNANDEZ  D-33689  DECISION PAGE 4  2/20/03**

62

1    the inmate is nervous.  All inmates are nervous

2    when they come to these hearings.  And we -- the --

3    came across in our conversations with this inmate

4    was that he somehow believes that he was acting to

5    protect himself.  And we don't think that's the

6    case.  The jury didn't think that was the case.  He

7    was convicted of murder in the second degree.  We

8    do appreciate the gains that he has made, and we

9    certainly hope he continues on that path.  He

10   should be commended for his work in AA, his

11   participation in AA and NA, his self-help

12   programming.  He's taken part in a 13-week Impact

13   Program in the past.  He's taken part with Peer

14   Education.  And he's taken -- He took part in the

15   course on communicative disease.  However, these

16   positive aspects of his behavior do not outweigh

17   the factors of unsuitability.  I should also note

18   that he has completed a vocation, mill and cabinet,

19   and is currently enrolled in the print shop course.

20   This is another one-year denial, Mr. Hernandez.

21   And we recommend that you keep doing what you're

22   doing, sir, remain disciplinary-free.  We realize

23   that you're disappointed in the outcome of this

24   hearing.  Don't let your disappointment or

25   frustration turn to bitterness.  Don't do anything

26   rash or stupid.  Stay with the course you're on.

27   **HECTOR HERNANDEZ   D-33689   DECISION PAGE 5   2/20/03**

63

1    And if you do that, that bodes well for you.  You

2    may have a date in your future.  Thank you for

3    being here this morning.  Ms. Garner-Easter, any

4    comments you wish to make?

5        DEPUTY COMMISSIONER GARNER-EASTER:  I have

6    none.

7        PRESIDING COMMISSIONER MUNOZ:  We appreciate

8    your taking part in this hearing, sir.  This is

9    your copy.  It's 19 minutes after 10 a.m.  And that

10   concludes the hearing for Mr. Hernandez.

11       ATTORNEY SPOWART:  Thank you.

12       PRESIDING COMMISSIONER MUNOZ:  All right,

13   sir.  Thank you.

14                      --oOo--

15

16

17

18

19

20

21

22

23

24

25   PAROLE DENIED ONE YEAR

26   FINAL DATE OF THIS DECISION_____          MAY 2 1 2003

27   HECTOR HERNANDEZ  D-33689  DECISION PAGE 6  2/20/03

# EXHIBIT   "20"

BOARD OF PRISON TERMS　　　　　　　　　　　　STATE OF CALIFORNIA
LIFE PRISONER HEARING DECISION FACE SHEET

| | |
|---|---|
| ] PAROLE GRANTED - (YES) | **Records Use Only** |
| CDC: Do not release prisoner before | Parole Release Date |
| Governor's review | |
| | YR　　MO　　DAY |
| X] PAROLE DENIED - (NO) — 1 yr | Attach Prison Calculation Sheet |

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR:_____ YEAR(S)

[ ] HEARING POSTPONED/REASON:_____

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[ ] No more 115's or 128A's　　[ ] Stay discipline free　　

[ ] Work to reduce custody level　[ ] Learn a trade*　　　[ ] Earn positive chronos

[ ] Get self-help*　　　　　　　[ ] Get therapy*　　　　[ ] Get a GED*

[ ] Recommend transfer to_____

[ ] Other_____

*These programs are recommended if they are offered at your prison and you are eligible/able to participate.

| **Penal Code 3042 Notices**　　[X] Sent　Date:____APRIL 28, 2004_____ |
|---|

| | |
|---|---|
| Commitment Offense(s) _____ 187/12022.5 | MURDER 2ND W/USE OF FIRE ARM |
| Code(s) | Crime(s) |
| _____ 3362753 | 1 |
| Case #(s) | Count #(s) |

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| 7/7/86 | 12/22/86 | 8/3/96 |

| [ ] Initial Hearing | [X] Subsequent (Hearing No.)____5____ | Date of Last Hearing_____ |
|---|---|---|

| CDC Representative | |
|---|---|
| Attorney for Prisoner | Address |
| D.A. Representative | County　　FRESNO |

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL. <u>It will not become final until it is reviewed.</u>

| Chair　　Susan Fisher | Date　　7/ / |
|---|---|
| Panel Member | Date　　 / / |
| Panel Member | Date　　 /04 |

HERNANDEZ, HECTOR　D-33689　　CTF-SOLEDAD　　CALENDAR　/　/DATE

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA

## SETTING A LIFE PRISONER TERM - PAROLE DENIED

### 11. NOTE TO CDC STAFF: RECOMMENDATIONS AND REQUESTS

☒ 3. the panel's belief that the prisoner's current mental health is an
important issue. In the new full evaluation, the panel requests that the
clinician specifically address the following:

   ☒ a. the prisoner's violence potential in the free community;

   ☒ b. the significance of alcohol/drugs as it relates to the commitment
offense and an estimate of the prisoner's ability to refrain from
use/abuse of same when released;

   ☐ c. the prisoner's psycho-sexual problems;

   ☒ d. the extent to which the prisoner has explored the commitment
offense and come to terms with the underlying causes;
*Insight and victim impact*

   ☐ e. the need for further therapy programs while incarcerated.

   ☐ f. other: _____

_____

_____

☐ 4. the panel's belief that the prisoner has deteriorated psychologically and
there appears to be a need for treatment. The panel bases this conclusion
upon

_____

_____

_____

_____

☐ B. (Other requests to CDC staff): _____ *S. Fisher BPT*
*7/1/04*

53

1    CALIFORNIA BOARD OF PRISON TERMS

2    D E C I S I O N

3    DEPUTY COMMISSIONER LOPEZ:  Okay, we're back

4    on record.

5    PRESIDING COMMISSIONER FISHER:  All right.

6    I want to note for the record that everyone who

7    was previously in the room and identified

8    themselves, has returned to the room.  And, Mr.

9    Hernandez, I'm going to read the decision into the

10   record.  This is going to be a one-year denial,

11   but I want to tell you that we really struggled

12   over this, and we just thought that there were

13   some lose ends that needed to be addressed.

14   You're doing a really good job and I don't want

15   you to be discouraged by this.  You have to

16   understand that if a Panel does a finding of

17   suitability that everything is going to be gone

18   over with a fine tooth comb and we feel that there

19   are some issues that you need to address over the

20   next year.  In concluding that you're not suitable

21   for parole, we reviewed all of the information

22   received from the public and relied on the

23   following circumstances in deciding that we felt

24   that you would pose an unreasonable risk of danger

25   to society or a threat to public safety if

26   released from prison.  And obviously the

27   HECTOR HERNANDEZ   D-33689  DECISION PAGE 1   7/1/04

54

1    commitment offense was one of the first things

2    that we looked at.  This was a very callous

3    offense and the motive for this crime was very

4    trivial and was related to a drive-by.  This was a

5    situation where you went to this man's home and

6    you went there armed.  You stated previously that

7    you thought that he'd been pinching your buys when

8    you were buying heroin from him before.  So, you

9    know, there's certainly an indication that you

10   went there with the gun because of that belief

11   that he'd been pinching your buys, and you said

12   that you believed that he had a gun, but all of

13   the witnesses said that there was only one shot.

14   So this man was shot in his own home with

15   apparently no provocation on his part, you were

16   not shot at according to witnesses.  And then

17   following the crime you disposed of your weapon

18   and stated that you believed that he had shot

19   first, but you also disposed of the gun that was

20   owned by him so there was no way for the police or

21   anyone else to determine that his weapon had or

22   had not been shot.  So the evidence was disposed

23   of and there was no way to really check your

24   story.  During the commission of this crime, there

25   were several other people around who were exposed

26   to danger who could have been shot accidentally

27   HECTOR HERNANDEZ   D-33689   DECISION PAGE 2   7/1/04

55

```
 1   because of the fact that you were shooting at the
 2   victim, Mr. Bustos.  The inmate certainly has an
 3   escalating pattern of criminal conduct.  He has
 4   quite a lengthy history beginning as a juvenile
 5   back in 1970.  He has failed to profit from
 6   society's previous attempts to correct his
 7   criminality and such attempts include Juvenile
 8   Hall, wardship, juvenile probation, and even a
 9   stay in federal prison.  His unstable social
10   history includes the prior criminality that I
11   mentioned as well as heroin addiction.  You have
12   programmed well though.  You have done a good job
13   with your program.  And apparently you have not
14   only taken advantage of the opportunities that
15   have been available to you, but you've also taken
16   the opportunity to help other people with their
17   programming, and I want to commend you for that.
18   We both feel that you've done a good job of using
19   the situation that you find yourself in to the
20   best of your ability.  He has had 11 128
21   counseling chronos since his incarceration for
22   this commitment offense, the last one was in 2000.
23   There have been seven 115s and the last one was
24   back in 1999.  There are some concerns with some
25   of the statements in the psychiatric evaluation.
26   Although parts of it are quite supportive, there
27   HECTOR HERNANDEZ   D-33689  DECISION PAGE 3  7/1/04
```

56

1    are other parts that are open to question, and we

2    are going to be ordering a new psych report.  The

3    first thing that we want to note and ask to have

4    the new psych report evaluate is that in this

5    psych report under current diagnostic impressions

6    under Axis II it notes Antisocial Personality

7    Disorder Improving.  And under review of life

8    crime it says that the inmate demonstrated limited

9    empathy for the victim whom he related to as a

10   drug dealer and somewhat more empathy for the

11   victim's family, although it does state that he

12   appears to be penitent for his crimes.  The

13   prisoner has parole plans.  He has offers of

14   residence and support.  However, he doesn't have

15   -- doesn't have really viable employment plans.

16   You certainly don't need to have a job in order to

17   get a parole date, but you do need to have

18   workable plans, and I'm going to suggest to you

19   that you look in the area of your residence that

20   you would parole out to, get hold of a phone book

21   for that area and write some letters to businesses

22   there where you might be able to send resumes and

23   potentially get an offer of a job fairly quickly

24   after being paroled.  It also wouldn't hurt for

25   you to go ahead and have your friend look into

26   some of the residential programs that you talked

27   HECTOR HERNANDEZ   D-33689   DECISION PAGE 4   7/1/04

57

1    about and get some letters back from them stating

2    what the program is and that it would be

3    acceptable to them to have you parole into one of

4    their programs.  Then you need to get some solid

5    plans for supporting yourself.  And I commend you

6    that you want to go out and do the peer support

7    and the peer counseling kinds of things, but I

8    have to tell you that it's going to be tough to

9    find those kinds of positions out there where you

10   can get paid and support yourself.  So you need to

11   have day job, you need to have something in mind

12   that you can do to pay the bills in order to be

13   able to do the volunteer work that you want to do.

14   The Hearing Panel notes that in response to 3042

15   Notices, the District Attorney of Fresno County

16   indicated an opposition to a finding of

17   suitability at this time.  And we do want to

18   commend you for the work that you've done here.

19   Once again you've done a good job with your

20   programming.  You've completed graphic arts,

21   you've completed mill and cabinet.  You got your

22   GED back in '92.  You've been -- you were involved

23   in the Inmate Peer Education program back in '91,

24   and you've been disciplinary free since '99.  Once

25   again, there are just some things that you need to

26   dot the I's and cross the T's on and you just need

27   HECTOR HERNANDEZ   D-33689   DECISION PAGE 5   7/1/04

58

```
 1    to continue doing what you're doing as far as your
 2    program goes.  Currently the positive aspects do
 3    not outweigh the factors of unsuitability.  The
 4    Panel recommends that you continue to upgrade
 5    vocationally and educationally anyway you can just
 6    because it's a good thing for you to do.  Continue
 7    to participate in self-help, certainly you know
 8    that the NA program, the substance abuse programs,
 9    those kinds of things are lifetime commitments.
10    And cooperate in the completion of a new psych
11    report.  And that completes the reading of the
12    decision.  Do you have any comments, Commissioner?
13         DEPUTY COMMISSIONER LOPEZ:  No.  I wish you
14    luck, sir.
15         PRESIDING COMMISSIONER FISHER:  Good luck,
16    sir.  That completes the hearing --
17         ATTORNEY TARDIFF:  (Inaudible).
18         PRESIDING COMMISSIONER FISHER:  Yes, I'm
19    sorry it's sitting right here.  That completes the
20    hearing.  It's approximately 9:20.
21                        --oOo--
22
23    PAROLE DENIED ONE YEAR
24    THIS DECISION WILL BE FINAL ON:_____OCT 2 9 2004_____.
25    YOU WILL BE PROMPTLY NOTIFIED IF, PRIOR TO THAT
26    DATE, THE DECISION IS MODIFIED.
27    HECTOR HERNANDEZ  D-33689  DECISION PAGE 6  7/1/04
```

59

## CERTIFICATE AND

## DECLARATION OF TRANSCRIBER

I, WENDY THOMAS, a duly designated transcriber, CAPITOL ELECTRONIC REPORTING, do hereby declare and certify under penalty of perjury that I have transcribed tape(s) which total one in number and cover a total of pages numbered 1 through 58, and which recording was duly recorded at CORRECTIONAL TRAINING FACILITY at SOLEDAD, CALIFORNIA in the matter of the SUBSEQUENT PAROLE CONSIDERATION HEARING of HECTOR HERNANDEZ, CDC No. D-33689, on JULY 1, 2004 and that the foregoing pages constitute a true, complete, and accurate transcription of the aforementioned tape(s) to the best of my ability.

I hereby certify that I am a disinterested party in the above-captioned matter and have no interest in the outcome of the hearing.

Dated July 20, 2004 at Sacramento County, California.

Wendy Thomas
Wendy Thomas
Transcriber
**CAPITOL ELECTRONIC REPORTING**

# EXHIBIT "21"

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
**DECISION PROCESSING AND SCHEDULING UNIT**
P.O. Box 4036
Sacramento, CA 95812-4036



October 20, 2006


Hector Hernandez D-33689
Correctional Training Facility
Highway 101N
Soledad, CA 93960

Dear Mr. Hernandez:

Your parole consideration hearing was conducted on June 8, 2006. Decision Review is completed and the final decision date of your hearing is October 6, 2006. The decision has been approved by the California Department of Corrections and Rehabilitation, Board of Parole Hearings.

The decision finding you suitable for parole may be subject to review by the Governor.

Attached is the last "Decision Page" with the stamped final date and a front cover sheet to your transcript. Please incorporate these pages in your copy of the hearing transcript.


Sincerely,

*Sandra D. Maciel*

SANDRA D. MACIEL
Chief, Decision Processing
and Scheduling Unit


cc:    Institution Records Office

Enclosure

Pk

<u>DECLARATION OF SERVICE BY MAIL</u>

CASE NAME:  **HERNANDEZ v. SCHWARZENEGGER**

CASE NO. :  **To be assigned**

I, **Hector Hernandez**  , declare that I am over the age of eighteen (18) years; I am / ~~is not~~ a party to the attached action; I served the attached document entitled:

**WRIT OF HABEAS CORPUS WITH EXHIBITS**

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

**Bill Lockyer**
**Attorney General**
**450 Golden Gate Ave., #11000**
**San Francisco, CA 94102**

    There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that I executed this service this  25  day of ~~January~~ DECEMBER, **2006**  , in Soledad, CA.

                                    Hector Hernandez
                                    Declarant