# EXHIBIT 14

1 HC06CRWR678189-GDH-cm

**FILED**
JAN 1 1 2007
SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
By_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

| | |
|---|---|
| In re | No. 06CRWR678189    Dept. 71 |
| HECTOR HERNANDEZ, | |
| Petitioner | <u>ORDER</u> |
| On Habeas Corpus. | |

Having considered the petition for writ of habeas corpus filed on December 18, 2006, the court finds that existing evidence does not warrant the requested relief.

Petitioner challenges the Governor's reversal of the Parole Board's decision to grant his parole. However, whether or not this court agrees with the Governor's conclusion, his decision may not be overturned so long as it is supported by "some evidence." (See, e.g., *In re Fuentes* (2005) 135 Cal.App.4th 152, *In re Shaputis* (2005) 135 Cal.App.4th 217, *In re Lowe* (6th Dist. 2005) 130 Cal.App.4th 1405, *Rosas v. Nielsen* (9th Cir. 2005) 428 F.3d 1229, *In re DeLuna* (2005) 126 Cal.App.4th 585, *In re Scott* (2005) 119 Cal.App.4th 871, *In re Van Houten* (2004) 116 Cal.App.4th 339, *Biggs v. Terhune* (9th Cir. 2003) 334 F.3d 910, and *In re*

COUNTY OF FRESNO
Fresno, CA

*Rosenkrantz* (2002) 29 Cal.4th 616.)  To the extent that petitioner asks the court to apply a different standard, the court must follow the holdings of the Supreme Court and Courts of Appeal, which require application of the "some evidence" standard of review.

Here, the court finds that there was at least some evidence that releasing petitioner could pose an unreasonable risk to society or a threat to public safety, because of the violent nature of the original offense, and the escalating pattern of petitioner's criminal conduct before the murder, as well as his multiple disciplinary infractions during his incarceration.

According to the record, petitioner was convicted of second-degree murder and sentenced to 15 years to life, plus a two-year enhancement for use of a firearm.  The Board of Parole Hearings granted petitioner's parole on June 8, 2006, after having previously denied him parole seven times. (Exhibit 1 to petition.) However, the Governor reversed the Board's decision on November 2, 2006.  (Exhibit 3 to petition.)

The Governor relied largely on the seriousness of the underlying offense. (Exhibit 3, p. 2.)  The Governor noted that petitioner shot Sylvestre Bustos to death while attempting to purchase heroin. (*Id.* at p. 1.)  Petitioner went to Bustos' home to buy heroin. (*Ibid.*)  Petitioner spoke to Bustos' roommate, Enrique Casias, through the window. (*Ibid.*)  Casias agreed to sell Bustos heroin for $20. (*Ibid.*)  Petitioner paid the money and Casias went to retrieve the heroin from Bustos' boots. (*Ibid.*)  Bustos was asleep on the couch with a gun tucked in his waistband. (*Ibid.*)  When Casias went to get the heroin, petitioner

1  forced his way into the house armed with a sawed-off shotgun.
2  (*Ibid.*)  He demanded Bustos' gun and the heroin.  (*Ibid.*)  When
3  Bustos rose from the couch, petitioner shot him one time from a
4  distance of about seven or eight feet.  (*Ibid.*)  He then took
5  Bustos' gun and fled the scene.  (*Ibid.*)

6        The facts cited by the Governor tend to support the
7  conclusion that the murder was committed in a callous manner.  The
8  petitioner shot Bustos at close range with a sawed-off shotgun
9  shortly after Bustos had woken up.  There was some evidence of
10 premeditation, since petitioner went to Bustos' home armed with a
11 shotgun.  Although petitioner claims that he shot Bustos in self-
12 defense, two witnesses testified that they heard only one shot.
13 (Governor's review, p. 2.)  There was also evidence that the
14 petitioner created the dangerous situation by forcing his way into
15 Bustos' residence with a shotgun.  (*Ibid.*)  Therefore, the
16 Governor's skepticism about petitioner's expressed remorse and
17 acceptance of responsibility has at least some basis in fact.

18       In addition, the Governor noted that during his
19 incarceration, petitioner was disciplined seven times for rules
20 violations involving grooming standards, possession of inmate
21 manufactured alcohol, possession of a utility knife blade,
22 stealing food, improperly loaning personal property, and
23 disrespecting staff.  (*Id.* at p. 1.)  He was also counseled 12
24 times for minor violations, most recently in 2000.  (*Ibid.*)  Thus,
25 petitioner's conduct while incarcerated was not discipline-free,
26 which tends to support the Governor's conclusion that petitioner
27 could still be a risk to public safety if released.
28       In addition, the Governor observed that petitioner had

1  an extensive criminal record before he committed the murder,
2  including juvenile adjudications for armed robbery, assault with a
3  deadly weapon, burglary, petty theft, carrying a concealed
4  firearm, joyriding, and resisting an officer. (*Ibid.*) He also had
5  convictions as an adult for discharging a firearm at an occupied
6  dwelling or vehicle, harboring a federal fugitive, being under the
7  influence of a controlled substance, and driving under the
8  influence of a controlled substance. (*Ibid.*) He also admitted to
9  using heroin, cocaine, LSD, marijuana, and PCP. (*Ibid.*) Thus,
10 the Governor believed that petitioner's criminal history prior to
11 the life offense weighed against his parole suitability. (*Ibid.*)
12      Under the circumstances, there was at least some
13 evidence that petitioner might still pose a risk if released,
14 based on the petitioner's criminal history, as well as the
15 seriousness of the life offense itself and the petitioner's
16 multiple disciplinary infractions while incarcerated.
17 Consequently, the court cannot overturn the Governor's decision.
18      The petition is denied.
19      DATED this 11th day of January, 2007:

GARY S. AUSTIN
_____
GARY ~~D. HOFF~~ Austin
Judge of the Superior Court