# EXHIBIT 15
# Part 6 of 7

Mapes, I wrote the following:

Become a Good Writer

Sit in the sight of the bright sunlight,
Don't hesitate, just meditate and contemplate.
Above all, have no hate,
For this is the day to speculate.
From your soul the words will flow,
All is right and your future is bright,
That all may delight as you write.

LETTER OF COMMENDATION

DATE:          February 19, 2003


FOR:           Hernandez, Hector
               D-33689      ZW-317U




To whom it concerns,


Inmate Hernandez (D-33689) has been speaking to the Re-Entry class on a monthly basis now for a period somewhat exceeding six (6) months. He is a member of an inmate organization that calls itself "Straight From The Heart," and comes into the class with a message of concern for the paroling students. Mr. Hernandez is a "lifer," as are all of the members of "Straight From The Heart," and are concerned that others don't fall into the same lifestyle and commit the acts that will eventually lead to a life of incarceration. He and his peers speak against violence, drug abuse, and gang affiliation. This service is performed for no compensation of any kind, and is provided straight from the hearts of the participants.

Mr. Hernandez is to be commended for his efforts in this area, and would possibly be a good candidate for future employment in the area of youth/drug counseling when he is released. The service he provides for this program is invaluable and always well received by the students.

Inmate Hernandez has in no way attempted to manipulate me into writing this letter, and this has been written in earnest.




J.R. Hill, Instructor
Re-Entry Program
Correctional Training Facility

NAME and NUMBER    HERNANDEZ    D-33689    FAB2 133 L    CDC-128-B (Rev. 4/74

DATE  2-13-97

Inmate Hernandez D-33689 has been a regular participant in the Arts-In-Corrections
Program for the past year. He has conducted himself responsibly and has been a
great asset to our Creative Writing Class.
He works very well with inmates and staff and maintains a positive attitude at
all times.
I feel that inmate Hernandez D-33689 is highly employable as an artist and
would have no problem finding a place in society.
I would like to thank you in advance for your sincere cooperation and consideration.

HENRY MENDOZA
ARTIST/FACILITATOR
ARTS-IN-CORRECTIONS
NORTH KERN STATE PRISON

GENERAL CHRONO

NAME and NUMBER:  HERNANDEZ D-33689

CDC 128-C

The above named inmate has actively participated in a weekly, (8) week course in
Chemical Dependency facilitated by a Clinical Social Worker at NKSP.

DATE:  August 20, 1997

Alice Lebron, LCSW

# EXHIBIT   "14"

D 33689   ED 72 Up
PO Box 689
Soledad, CA 93960-0689

June 15, 2005

Dear Sir,

If you could grant me a moment of your time, I am confident
that I can win your support to not only help me, but help
many others who need and could use my help.

I've been incarcerated since August 15, 1985, for 2nd degree
murder with the use of a firearm. My minimum eligible
parole date occured on April 15, 1996. I will be appearing
before the Board of Prison Terms (BPT) for my 7th hearing
within the next 6 months.

My past history of crime, violence and drug addiction is
very dark indeed. It is something I am able and willing to
discuss a little further; yet it is something I wish to do
only for the prevention and intervention of such ills.
In an effort to prove my suitability for parole, I am
presenting a brief autobiography of myself to give you an
idea of the kind of person I was, the person I have matured
into, and how I plan to live the rest of my life.

I honestly believe I have done what it takes to heal and
correct myself so that I could be a person of service to my
Higher Power and others, i.e., my family, the community, and
my country.

I have always wanted to live a better life. Back in 1985,
right from the start of my incarceration, when I was sober
and reality slapped me right in the face and opened my eyes,
I knew I had to have a complete life change. Ever since
then, I have endeavoured to transform my life for the good.
I did my very best through prayer, meditation, reading and
disciplining myself. As with many others in this same
situation, my greatest goal and highest quest was the search
for God, and all it entails in order to live the best life
possible.

In 1991, I started studying and practicing religious
science of mind. Through it I gained a greater sense of
inclusive spirituality. At that time, I also went back to

SUPPORT LETTER OF
H. HERNANDEZ
page 2.

Christianity (Protestant as well as Catholic).  In 1995, I
began practicing Native American spiritual purification
traditions.  That was also when I began participating in the
new 12 step group.  In 2003, I began attending Buddist
Meditation classes where I learned how to live more
skillfully and the practice of Metta or loving kindness
towards all.

Throughout this time, I have read numerous books, magazines,
and articles dealing with issues ranging from health and
fitness to healing and recovery, from self-help psychology
to to religion.

Through the various writing courses offered by the Arts in
Corrections program, I have collected my thoughts and wrote
about my experiences.  I have used these writings to reach
out to others at various times, some of which I have
included for your perusal.

There were some extremely difficult times filled with
loneliness and despair over what my life had become.  I
experienced financial hardship and depravation.  Yet despite
those dark moments, thanks to my Higher Power, the God of my
understanding, I managed to stay clear from crime, gangs,
drugs, destructive or negative groups and individuals while
maintaining my sobriety for the last 14 years.  I also
sought out new friends and a new spiritual support family in
order to live a complete new way of life.  Seeking to
improve myself remains my greatest focus even as I continue
to expand my support family.

With regard to my employment skills and experience, I have
always been a self-motivated and hard worker.  I have held
jobs ranging from newspaper delivery, to gardening and
landscaping, farm laborer, factory lines and welding.  My
main problem was maintaining work for extended periods of
time.  I have for the last 20 years focused on maintaining
every job I held, developing good relations with my
employers and co-workers, and to be dependable, responsible,
and trustworthy.

I have enhanced my trade skills with certification in mill
and cabinet work where I also worked as a teacher's
assistant.  I gained experience as a textiles line worker,
boiler room attendant, academic tutor, relapse prevention
tutor/facilitator, graphic arts, and furniture assembler.

Now I realize I could benefit from more education and
training for other specified fields of work.  And I am not
certain of the exact work I would like to do.  Nevertheless,

SUPPORT LETTER OF
H. HERNANDEZ
page 3.

I am sincerely dedicated to accomplishing any constructive,
productive, healing and recovery endevours.

I am just like any other American who dreams and wishes to
live in peace with the freedom and opportunity to earn an
honest living to provide a better life for my children and
grandchildren.

Now, I know I am not perfect and will ever seek improvement.
Yet who I am now in comparison to what I was, is nothing
less than a miracle attributed to the Higher Power (God).  I
can honestly say my prayers have been answered and my life
is changed.

I have also had the good fortune to receive the invaluable
help of former addicts and some exceptional people who I owe
a debt of gratitude to.  I also served in the recovery of
others by being there to share my experience, to volunteer
my time to speak and participate in support groups, and to
talk one-to-one when I was able to.  By being of service to
others, I experienced the power it has in maintaining my own
sanity and sobriety, not to mention the whole new purpose
and meaning of life in doing such deeds has given to my own
life.  I have no need to be coerced into participating in
such programs and endevours because I have a natural desire
to do so, in other words, it is my life.

Ever since I began this quest for a new life, I knew I would
have to do it for the right reason, basically, for God.  I
wasn't trying to look good or impress anyone.

But now I must present myself once again to the BPT to show
that I am suitable for parole.  Therefore, I am sharing my
life story in order to make this humble request for a letter
of support that I can present to the BPT.  It is a letter
stating that you would endorse my parole and assist me in
the transition toward becomming a productive and valued
member of the community.  The support can come in the way of
assistance with living arrangements, help finding a job,
transportation needs, clothing, counseling, and any other
way of making my return to society better for all.

I gratefully appreciate any consideration that you could
provide for this request.

Sincerely,

7-6-05

Hector Hernandez

Hector Hernandez

# EXHIBIT "15"

BOARD OF PRISON TERMS                                                                    STATE OF CALIFORN

## LIFE PRISONER DECISION FACE SHEET

### PERIOD OF CONFINEMENT

*(RECORDS OFFICER USE ONLY)*

|  | YR | MO | DA |
|---|---|---|---|

Adjusted Period of Confinement ................................................

Date Life Term Begins ................................................   +

At Large Time ................................................   +

PAROLE DATE ................................................   =

### MISCELLANEOUS

Panel recommendations and requests:                          *Parole Denied 2 year*
\_\_\_\_\_ Become \_\_\_X\_\_\_ Remain disciplinary free.
\_\_\_\_\_ Work towards reducing his/her custody level.
\_\_\_\_\_ Upgrade _____ _____ educationally.
\_X\_ Participate \_\_\_X\_\_\_ self-help (and) \_\_\_X\_\_\_ therapy.
\_\_\_\_\_ Transfer to \_\_\_\_\_ Cat. X _____ Cat. T.

---

PENAL CODE SECTION 3042 NOTICES     ☒ SENT     (Date) __2/28/95__

COMMITMENT OFFENSE

| PC 187 | | Murder 2ND Degree | |
|---|---|---|---|
| (Code Section) | | (Title) | |
| 336275-3 | | 1 | |
| (Case Number) | | (Count Number) | |

| Date Received by CDC | Date Life Term Begins | Controlling MEPD | |
|---|---|---|---|
| 7-7-86 | 7-7-86 | 4-5-96 | |
| Type of Hearing | | If Subsequent Hearing, Date of Last Hearing | |
| ☒ INITIAL   ☐ SUBSEQUENT (Hearing No.) _____ | | | |

Department Representative
Assistant C&PR S.A. Williams

| Counsel for Prisoner | Address |
|---|---|
| None | |
| District Attorney Representative | County |
| Don Penner | Fresno |

### PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a __proposed__ decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:

| Presiding (Name) | *Joe H Phler* | Date | 5/ |
| Concurring (Name) | | Date | 22/ |
| Concurring (Name) | | Date | /95 |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| HERNANDEZ, HECTOR | D33689 | NKSP | 5/95 | 5/22/95 |

PERMANENT ADDE!

36

| 1 | CALIFORNIA BOARD OF PRISON TERMS |
| 2 | D E C I S I O N |

3       PRESIDING DEPUTY COMMISSIONER PLILER:    All

4   right, we are back on the record.  Those previously

5   here have reconvened.  Mr. Hernandez, it is a

6   unanimous decision on the part of the panel after

7   having reviewed the information from the public and

8   relied on the following circumstances in concluding

9   that you are not suitable for parole, and you would

10  pose an unreasonable risk of dangerous to other and a

11  threat to the public if you were released from prison

12  at this time for the following reasons:

13       The offense was carried out in an especially

14  heinous, atrocious, cruel and callous manner which

15  exhibited a callous disregard for the life and

16  suffering of another human being.  The offense was

17  carried out in a dispassionate and calculated manner.

18  These conclusions are drawn from the statement of

19  facts wherein you shot and killed a victim at close

20  range with a sawed off shotgun while conducting a drug

21  transaction.  You have a prior record of violence and

22  assaultive behavior, exhibiting an escalating pattern

23  of criminal conduct and violence.  You have a

24  persistent pattern of tumultuous relationships and

25  criminal behavior which commenced at an early age.  It

26  started at a juvenile history, began at a very early

27  HECTOR HERNANDEZ    D-33689    DECISION PAGE 1    5/22/95

37

1    age, with convictions for burglary and petty thefts,
2    concealed weapons, et cetera.  You have failed
3    previous grants at probation.  You have failed to
4    profit from society's previous attempt to correct your
5    criminalities.  Such attempts have included juvenile
6    probation, juvenile camp, CYA commitment, county jail.
7    You have an unstable social history and prior
8    criminality which includes numerous juvenile arrests
9    including burglary, petty theft, possession of a
10   concealed firearm, drug abuse, assault with a deadly
11   weapon, robbery, armed robbery, concealing a fugitive,
12   finally culminating in the life crime.
13       Institutional behavior.  You have failed to
14   demonstrate evidence of positive change.  Misconduct
15   while incarcerated includes stealing State food,
16   possession of non-expendable property, possession of
17   manufactured alcohol, and possession of dangerous
18   contraband.
19       The psychiatric/psychological report dated
20   January the 9th, 1995 authored by Dr. Reed is
21   inconclusive, indicating that you need to have a
22   stronger and greater sense of the self help recovery
23   programs that you are participating in because you
24   understand neither the goals nor objectives of these
25   various programs.  Likewise, the psychological exam
26   prepared 9/13/89 by Dr. Martin is also inconclusive
27   HECTOR HERNANDEZ   D-33689   DECISION PAGE 2   5/22/95

38

1    and states basically the same reasons as Dr. Reed.

2         Other information bearing upon your

3    unsuitability:  You have an escalating pattern of

4    criminal misconduct starting with burglary,

5    progression to armed robberies, assault with a deadly

6    weapon culminating in the senseless murder of the

7    victim with a sawed off shotgun.

8         The panel makes the following findings:  Your

9    gains are recent.  You must demonstrate an ability to

10   maintain gains over an extended period of time.  In

11   view of your assaultive history, your continued

12   negative behavior, and lack of program participation,

13   there is no indication that you would behave

14   differently if paroled.  Nevertheless, you should be

15   commended for participating in vocation mill and

16   cabinet, Alcoholic Anonymous, and maintaining a clean

17   disciplinary record since October the 10th, 1992.

18   However, these positive aspects and your behavior do

19   not outweigh the factors of unsuitability.

20         The denial, Mr. Hernandez, is for a period of

21   two years.  The hearing panel finds that it is not

22   reasonable to expect that parole would be granted at a

23   hearing during the following two years for the

24   following specific reasons:  You committed the offense

25   in an especially heinous, cruel, and atrocious manner

26   in that you had shot and killed the victim with a

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 3    5/22/95

39

1    sawed off shotgun while engaged in a drug transaction.

2    And as a result, a longer period of observation and

3    evaluation is required before the Board can set a

4    parole date.

5    Additionally, a longer period of time is

6    required to evaluate your suitability in view of your

7    long history of criminality and misconduct, including

8    multiple convictions for burglary, robbery, weapons

9    possession, drug abuse, and finally the life crime.

10   The recent psychological/psychiatric report by Dr.

11   Reed dated 1/9/95 indicates a need for a longer period

12   of observation and evaluation and treatment.

13   The panel makes the following recommendations

14   to you:  One is that you continue to remain

15   disciplinary free.  That you continue to upgrade

16   vocationally.  That you participate in self help and

17   therapy programming.

18   And I will give you a copy of our tentative

19   decision today as I indicated earlier.  This decision

20   will not become effective until approximately 90 days

21   at which time you will receive your notice from

22   Sacramento.  At that time you have 90 days from that

23   date to file an appeal.

24   Does the panel have any comments?  Mr. Koenig?

25   COMMISSIONER KOENIG:    No, I don't have any.

26   COMMISSIONER GIAQUINTO:    Good luck to you.

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 4    5/22/95

40

1          PRESIDING DEPUTY COMMISSIONER PLILER:   Keep up
2     the set program as you are doing a good job so far.
3          INMATE HERNANDEZ:    All right.   Thank you.
4     I'll try again.
5          PRESIDING DEPUTY COMMISSIONER PLILER:    This
6     concludes the hearing.   The time is fifteen after
7     2:00.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25     PAROLE DENIED TWO YEARS              OCT 0 6 1995
26     EFFECTIVE DATE OF THIS DECISION    _____
27     HECTOR HERNANDEZ    D-33689    DECISION PAGE 5    5/22/95

# EXHIBIT  "16"

BOARD OF PRISON TERMS                                              STATE OF CALIFORN

# LIFE PRISONER DECISION FACE SHEET

## PERIOD OF CONFINEMENT

### (RECORDS OFFICER USE ONLY)

|  | YR | MO | DA' |
|---|---|---|---|
| Adjusted Period of Confinement ..................................................... | | | |
| Date Life Term Begins ............................................................ + | | | |
| At Large Time ................................................................. + | | | |
| PAROLE DATE ................................................................. = | | | |

## MISCELLANEOUS

Denied 2 years

remain disciplinary free
upgrade Vocationally & Educationally
Participate in self help & therapy programming

PENAL CODE SECTION 3042 NOTICES    ☐ SENT    (Date)_____

COMMITMENT OFFENSE.

| P187 W/P12022.5 | | MURDER 2ND USE OF FIREARM (GUN) |
|---|---|---|
| (Code Section) | | (Title) |
| FRE 336275-3 | | 01 |
| (Case Number) | | (Count Number) |

| Date Received by CDC | Date Life Term Begins | Controlling MEPD |
|---|---|---|
| 7-7-86 | 7-7-86 | 4-5-96 |

| Type of Hearing  ☐ INITIAL  ☒ SUBSEQUENT (Hearing No.) ___1___ | If Subsequent Hearing, Date of Last Hearing 5-22-95' |
|---|---|

| Department Representative GREG COOK, ASST C&PR | |
|---|---|
| Counsel for Prisoner DIANE LUSHBOUGH | Address P.O. BOX 1736, CLOVIS, CA 93613 |
| District Attorney Representative NONE | County |

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a __proposed__ decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:

| Presiding (Name) Arthur F. Van Court | Date 7/ |
|---|---|
| Concurring (Name) | Date /22/ |
| Concurring (Name) | Date /97 |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| HERNANDEZ, HECTOR | D-33689 | NKSP | 7/97 | 7-22-97 |

35

1          CALIFORNIA BOARD OF PRISON TERMS

2                    D E C I S I O N

3          PRESIDING COMMISSIONER VAN COURT:    Mr.

4     Hernandez, the Panel reviewed all information received

5     from the public and relied on the following

6     circumstances in concluding that the prisoner is not

7     suitable for parole and would pose an unreasonable

8     risk of danger to society and a threat to public

9     safety if released from prison.    The sentence was

10    carried out in an especially cruel and callous manner.

11    The offense was carried out in a dispassionate and

12    calculated manner.    These conclusions are drawn from

13    the Statement of Facts where the prisoner went to the

14    victim's residence to get some heroin, ended up

15    kicking open the door, and had stated, "Give me the

16    gun and give me the chiva," or heroin, and then shot

17    and killed the victim.    The prisoner has a record of

18    violence and assaultive behavior, an escalating

19    pattern of criminal conduct and violence, a persistent

20    pattern of tumultuous relationships and criminal

21    behavior which commenced at an early age, an unstable

22    social history, he failed to profit from society's

23    previous attempts to correct his criminality.    Such

24    attempts included juvenile probation, CYA commitment,

25    and juvenile camp.    An unstable social history and

26    prior criminality which included, but is not limited

27    HECTOR HERNANDEZ    D-33689    DECISION PAGE 1    7/22/97

36

1       to at least 17 arrests as a juvenile for everything

2       from grand theft to burglary to assault with a deadly

3       weapon to possession of heroin, possession of a

4       controlled substance, resisting arrest and petty

5       theft, to mention a few.  The prisoner has failed to

6       demonstrate evidence of a positive change.  Misconduct

7       while incarcerated includes six CDC 115s, 12 128As.

8       However, he does have his classification score down to

9       2.  And the psychological, psychiatric report dated

10      April 25th, 1997 by Dr. R. Hall, Ph.D., is not totally

11      supportive.  It -- just a second -- in Conclusions and

12      Recommendations, it says, "Inmate Hernandez has a long

13      history of polysubstance abuse and has explored AA

14      groups four months prior to incarceration.  Since his

15      incarceration, 7-7-86, Inmate Hernandez has received

16      six CDC 115s and 12 128As to (inaudible) counseling

17      disciplinary.  He received numerous laudatory chronos

18      and appears to be programming quite well.  Inmate

19      Hernandez chose not to discuss the instant offense,

20      but appeared to be grappling with the deviant

21      behavior.  Issues were raised with the inmate in hopes

22      he will avail himself of various psychotherapy groups

23      offered at prison.  It is imperative that Inmate

24      Hernandez remain disciplinary free henceforth and

25      continue with his programming.  Since his commitment

26      offense involved drug abuse, Inmate Hernandez is

27      HECTOR HERNANDEZ     D-33689   DECISION PAGE 2    7/22/97

37

1    encouraged to participate in AA programs and move

2    through the Twelve Steps, possibly staying with the

3    program the rest of his life.  Inmate Hernandez was

4    given the name of a staff psychiatric social worker

5    who conducts alcohol abuse programs at NKSP.  He is

6    encouraged to participate in this program concurrently

7    with the AA program.  The results of Inmate Hernandez

8    TABE testing indicates academic achievement well above

9    the average inmate in general population.  He is

10    encouraged to further his vocational skills, gaining

11    certification in multiple disciplines.  Inmate

12    Hernandez should take as many self-help programs as

13    possible currently offered at this prison.  Focusing

14    on criminal thinking, dealing with the depression,

15    alcohol and substance abuse and process groups.  A

16    condition of parole should clearly include AA, drug

17    testing and self-help psychotherapy groups.  The --

18    and that was written by Dr. R. Hall, Ph.D."  The

19    prisoner needs therapy in order to gain insight on why

20    he committed the crime.  Nevertheless, the prisoner

21    should be commended for being disciplinary free --

22    (end of recording on tape 1 of 2, side a.  Tape 2 of

23    2, side a:)  The prisoner is denied parole for a

24    period of two years.  The Hearing Panel finds that

25    it's not reasonable to expect that parole would be

26    granted at a hearing during the following two years.

27    HECTOR HERNANDEZ     D-33689  DECISION PAGE 3    7/22/97

38

1    The specific reasons are as follows, and that's -- of
2    course is the crime itself.  The prisoner committed
3    the offense in an especially cruel and class manner.
4    Specifically he went to a drug dealer's house with the
5    idea of getting some heroin.  But, of course, he was
6    armed with a shotgun and without further ado shot and
7    killed the drug dealer when he kicked the door open.
8    As a result of, a longer period of observation and
9    evaluation is required before the Board should set a
10   parole date.  The prisoner has not completed necessary
11   programming, which is essential.  We want you to get
12   back and learn all Twelve Steps.  Learn them all and
13   stay very active in the AA program.  And finish that
14   Mill and Cabinet, because that would guarantee you a
15   good job when you get out, because that's what's
16   important is that you stay working and not out
17   shooting dope and stealing things, okay?
18           INMATE HERNANDEZ:    Okay.
19           PRESIDING COMMISSIONER VAN COURT:    And the
20   Panel recommends that you remain disciplinary free,
21   upgrade vocationally and educationally and participate
22   in self-help and therapy programming.  You're doing
23   well, especially staying away from those disciplinary
24   problems.  You've done that for five years.  We want
25   to make sure now you can do it for seven.  Do you have
26   anything to say, Commissioner Koenig?
27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 4    7/22/97

39

1          COMMISSIONER KOENIG:    No.   Thank you.

2          PRESIDING COMMISSIONER VAN COURT:

3    Commissioner Baker?

4          COMMISSIONER BAKER:    No.   Thank you.

5          PRESIDING COMMISSIONER VAN COURT:    Wish you

6    good luck, partner.   Take care.

7                         --o0o--

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    PAROLE DENIED TWO YEARS

26    EFFECTIVE DATE OF THIS DECISION _____ SEP 1 8 1997

27    HECTOR HERNANDEZ     D-33689   DECISION PAGE 5    7/22/97

40

CERTIFICATE AND

DECLARATION OF TRANSCRIBER


I, S. PALMER, a transcriber, subcontracted by

PETERS SHORTHAND REPORTING CORPORATION, do hereby

declare and certify under penalty of perjury that I

have transcribed the tapes which total two in number

and cover a total of pages numbered 1 – 39, and which

recording was duly recorded at NORTH KERN STATE

PRISON, DELANO, CALIFORNIA, in the matter of the

SUBSEQUENT PAROLE CONSIDERATION HEARING of HECTOR

HERNANDEZ, CDC No. D-33689, on JULY 22, 1997, and that

the foregoing pages constitute a true, complete and

accurate transcription of the aforementioned tapes to

the best of my ability.

I hereby certify that I am a disinterested

party in the above-captioned matter and have no

interest in the outcome of the Hearing.

Dated September 8, 1997 at Sacramento,

California.


_____

S. Palmer, Transcriber

# EXHIBIT  "17"

44

1          CALIFORNIA BOARD OF PRISON TERMS

2                  D E C I S I O N

3          DEPUTY COMMISSIONER FILANGERI:  We're back on

4     the record, Mr. Hepburn.

5          PRESIDING COMMISSIONER HEPBURN:  All right.

6     Parties have returned to the room.  It's 10:46 a.m.

7     Mr. Hernandez, we denied your parole for a two year

8     period.  The Panel reviewed all the information

9     received from the public and relied on the following

10    circumstances in concluding that the prison is not

11    suitable for parole and would pose an unreasonable

12    risk of danger to society or a threat to public safety

13    if released from prison.  Number one was the

14    commitment offense itself which the Panel finds was

15    carried out in an especially cruel manner, cruel or

16    callous manner.  These conclusions are drawn from the

17    Statement of Facts wherein the prisoner went to the

18    home of his drug connection who dealt heroin.

19    Mr. Hernandez had a heroin habit at the time.  He went

20    there armed with a sawed-off shotgun, kicked in the

21    door and demanded drugs and shot the victim in the

22    chest with the shotgun, killing him.  Regarding his

23    previous record, he did have a significant previous

24    record.  On previous occasions, he inflicted or

25    attempted to inflict serious injury on a victim.  He

26    had a record of violence or assaultive behavior and an

27    HECTOR HERNANDEZ    D-33689    DECISION PAGE 1   12/14/99

45

1    escalating pattern of criminal conduct or violence.

2    He failed to profit from society's previous attempts

3    to correct his criminality and such attempts included

4    juvenile probation, juvenile camp, CYA and a prior

5    prison term.   In fact he had three CYA commitments and

6    one commitment to federal prison and he had a long

7    history of substance abuse, particularly his addiction

8    to heroin which was a factor in the commitment offense

9    itself.   Regarding his institutional behavior, he has

10   programmed in a limited manner while incarcerated.

11   He's been fairly disciplinary-free in recent years,

12   however he did have a 115 earlier this year, February

13   of '99 for grooming standards.   However a review of

14   that 115 did not indicate any aggravating

15   circumstances involving that.   Psychiatric report

16   completed July 1st of '99 by Dr. Reed points out a

17   couple of issues still of concern to the Board.   One,

18   there's still a diagnosis of Anti-Social Personality

19   Disorder, however improving.   And then it also

20   indicates that probably there is some additional work

21   that needs to be done in the area of the 12 Step

22   program in that Mr. Hernandez's knowledge and

23   application of it is to a certain degree limited at

24   this point.   Deputy District Attorney from Fresno

25   County attended the hearing, voice opposition to

26   parole from Mr. Hernandez.   And the Panel makes the

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 2   12/14/99

46

1    following findings:  That the prisoner needs therapy

2    in order to face, discuss, understand and cope with

3    stress in a non-destructive manner.  Until progress is

4    made, the prisoner continues to be unpredictable and a

5    threat to others.  This is a two year denial as I

6    previously mentioned.  In a separate decision the

7    hearing Panel finds that it's not reasonable to expect

8    that parole would be granted at a hearing during the

9    following two years.  The specific reasons for this

10   finding are as follows:  Number one, the commitment

11   which the Panel finds was carried out in an especially

12   cruel manner.  Specifically Mr. Hernandez shot and

13   killed his drug connection in a dispute with a sawed-

14   off shotgun.  Also Mr. Hernandez has an extensive

15   history of criminality and misconduct including a long

16   history of arrests going back to the time he was 11

17   years of age, repeated incarcerations in juvenile

18   institutions including three commitments to CYA and

19   one commitment to federal prison.  As an adult, he

20   also has a long history of substance abuse, a variety

21   of substances including an addiction to heroin for the

22   last couple of years that he was free prior to his

23   commitment on the life offense.  He did have a recent

24   115 this year, although it was not aggravated, but it

25   was a 115 for violating grooming standards.  And the

26   recent psychiatric report by Dr. Reed indicates a need

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 3    12/14/99

1    for a longer period of observation and treatment in a
2    couple of areas.  Therefore a longer period of
3    observation or evaluation of the prisoner is required
4    before the Board should find that the prisoner is
5    suitable for parole.  And the Panel recommends that
6    the prisoner become disciplinary-free, if available
7    continue to upgrade educationally which he is doing
8    and he should be commended for that and if available,
9    participate in self-help and therapy programming.  And
10   that completes the reading of the decision,
11   Mr. Hernandez.  Here's a copy.  Mr. Ortega, do you
12   have any comments?
13           COMMISSIONER ORTEGA:  Nothing.
14           PRESIDING COMMISSIONER HEPBURN:  Mr. Filangeri?
15           DEPUTY COMMISSIONER FILANGERI:  No, none, thank
16   you.
17           PRESIDING COMMISSIONER HEPBURN:  All right.
18   That will complete this hearing then.  The time is
19   10:50 a.m.  Good luck to you.
20           INMATE HERNANDEZ:  May I make a statement?
21           PRESIDING COMMISSIONER HEPBURN:  Go ahead.
22           INMATE HERNANDEZ:  While I respect your
23   decision- regardless if I don't fully agree with it, I
24   am going to endeavor to comply in every way you know,
25   to bring a satisfactory conditions, eligibility for
26   parole.  And excuse me if I speak freely, but it is
27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 4    12/14/99

48

1    very difficult to do these things and it seems that

2    once I complete them, all these requirements, that

3    I'll probably fly out of here with wings. I'll be

4    pretty much an angel. Otherwise, when I make my

5    decisions, when I'm decided on something, I take under

6    consideration what will be the most good for not only

7    me, but for all involved you know. And there's so

8    much suffering, pain and suffering in not only my

9    life, but my family's life, but in this you know

10   entire country and in our system. And pardon me for

11   saying so, but it appears that (inaudible) somewhat

12   functioning dysfunctionally. But I will do my part to

13   correct and I'm willing to do whatever it is. I would

14   normally request that this Panel and every guest here,

15   person that participated would take into consideration

16   these things and be aware of the condition that our

17   country is in, children killing children and other

18   things and instead of addressing after the fact, after

19   it's been committed, that we would search out for ways

20   of reaching before it comes to that point. And I am

21   willing to do my part and humbly beseeched, request

22   that people would come forward and see a person when

23   they're willing to serve humanity, serve their country

24   and --

25         PRESIDING COMMISSIONER HEPBURN: All right,

26   Mr. Hernandez, thank you for your comments.

27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 5    12/14/99

49

```
1              INMATE HERNANDEZ:  Thank you for (inaudible) --
2              PRESIDING COMMISSIONER HEPBURN:   All right,
3    good luck to you.
4                         --o0o--
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25   PAROLE DENIED TWO YEARS
26   EFFECTIVE DATE OF THIS DECISION    DEC 3 0 1999
27   HECTOR HERNANDEZ    D-33689    DECISION PAGE 6   12/14/99
```

EXHIBIT   "18"

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA
LIFE PRISONER DECISION FACE SHEET        *Peabody*

## PERIOD OF CONFINEMENT

### (RECORDS OFFICER USE ONLY)

|  | YR | MO | DAY |
|---|---|---|---|
| Adjusted Period of Confinement.. | + 86 | 12 | 22 |
| Date Life Term Begins .... | + | | |
| At Large Time...... | = | | |
| PAROLE DATE | | | |

## MISCELLANEOUS

PAROLE DENIED
ONE YEAR

Panel recommendations and requests:
Become _____ Remain disciplinary free.
Work towards reducing his/her custody level.
Upgrade _____ vocationally _____ educationally
Participate _____ self-help _____ therapy.
in _____ (and)
Transfer _____ Cat. X _____ Cat. T.
to

PENAL CODE SECTION 3042 NOTICES        X SENT        (Date) 12/14/01

## COMMITMENT OFFENSE

| 187 W/12022.5 | MURDER 2ND W/USE F'ARM |
|---|---|
| (Code Section) | (Title) |
| 3362753 | 01 |
| (Case Number) | (Count Number) |

| Date Received by CDC 07/07/86 | Date Life Term Begins 12-22-86 | Controlling MEPD 08/03/96 |
|---|---|---|
| Type of Hearing ☐ INITIAL    X SUBSEQUENT (Hearing No.) 3 | | If Subsequent Hearing, Date of Last Hearing 12-14-99 |

Department Representative
D.S. LEVORSE, C&PR

| Counsel for Prisoner JOHN MCPHERSON | Address |
|---|---|
| District Attorney Representative NO REP. | County FRESNO |

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a __proposed__ decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:

| Presiding (Name) | Date 01/ |
|---|---|
| Concurring (Name)   N/A PER SB 778 | Date /29/ |
| Concurring (Name) | Date /02 |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| ERNANDEZ, HECTOR | D33689 | CTF | DECEMBER 2001 | 1-29-02 |

BPT 1001 (Rev. 1/91)

40

1       CALIFORNIA BOARD OF PRISON TERMS

2               D E C I S I O N

3          DEPUTY COMMISSIONER RODRIGUEZ:   Back on

4       record.  All parties are present.

5          PRESIDING COMMISSIONER ANGELE:   This is the

6       matter of Hector Hernandez.  Mr. Hernandez, the

7       Panel has reviewed all information received from the

8       public and relied on the following circumstances in

9       concluding that you're not yet suitable for parole

10      and would pose an unreasonable risk of danger to

11      society and threat to public safety if released from

12      prison.  The offense was carried out in a violent

13      manner.  The offense was carried out in a manner

14      which demonstrates a disregard for human life.

15      Conclusions are drawn from the Statement of Facts

16      wherein the inmate on 8/15, '85 went to the victim's

17      residence, offered a shotgun for the purpose of

18      purchasing heroin.  Inmate had been in previous

19      arguments with the victim in regards to money issues

20      and quality issued of the heroin he was buying.  An

21      argument ensued and as a result the inmate shot and

22      killed the victim.  Inmate did have an escalating

23      pattern of criminal conduct.  He's failed to profit

24      from society's previous attempts to correct his

25      criminality which include juvenile probation,

26      juvenile hall, adult probation, CYA commitment,

27      HECTOR HERNANDEZ  D-33689  DECISION PAGE 1  1/29/02

41

1　county jail, adult probation and a prior federal
2　prison term.  Inmate during his incarceration has
3　received 11 128A counseling chronos, last of 6/17 of
4　2000.  He's received seven 115s, the last one being
5　2/9, '99 for grooming which means he has had no 115s
6　since his last hearing.  The psychological
7　evaluation dated 7/1, '99 by Joe Reed, R-E-E-D, we
8　would consider that as being positive.  The prisoner
9　does lack parole plans in that he has no verifiable
10　residential plans in last county of legal residence,
11　however he does have letters indicating that he is
12　going to attempt to find places outside of family
13　residence such as a rehabilitation center and we
14　would commend him for that also.  The Panel makes
15　the following finding:  Inmate needs additional time
16　in order to fully understand and deal with the
17　causative factors that led to the commitment of the
18　life crime.  The prisoner's gains are recent and he
19　must demonstrate an ability to maintain gains over
20　an extended period of time.  Nevertheless he should
21　be commended for his work in NA, his 13 week Impact
22　Program of course, his Peer Education and his
23　cumulative disease course.  However these positive
24　aspects of his behavior do not outweigh the factors
25　of unsuitability.  Mr. Hernandez, denial is for a
26　period of one year.  The Panel recommends that you
27　HECTOR HERNANDEZ  D-33689  DECISION PAGE 2  1/29/02

42

```
 1    remain disciplinary-free, also become disciplinary-

 2    free.  The 128s don't do you any good neither,

 3    especially the one you had disregarding yard call

 4    procedures.  I heard what you said about the reason

 5    behind it and I do accept part of what you said also

 6    but you've still got to do your best to stay away

 7    from those also, whatever you can do, and in a

 8    misunderstanding like that probably you should have

 9    filed a 602 on it, okay.  Follow me?

10         INMATE HERNANDEZ:  Yes.

11         PRESIDING COMMISSIONER ANGELE:  To get it

12    cleaned up for you although I'll be very honest with

13    you.  I did not include that in my decision that I

14    made.  Commissioner Rodriguez discussed it but it

15    was not part of my decision as far as my rationale.

16    I want you to again become disciplinary-free on the

17    128s and remain disciplinary-free on the 115s and to

18    the same thing you're doing now vocationally,

19    educationally and in self-help therapy programming.

20    I do want to emphasize upon you that it's very very

21    important that you have letters of support from

22    people out there, primarily family people.  The

23    significance of what I'm telling you now, you've got

24    to understand you may think it's inconveniencing

25    people.  You have brothers, you've got sisters,

26    you've got relatives out there that believe in you.

27    HECTOR HERNANDEZ  D-33689  DECISION PAGE 3  1/29/02
```

43

1    Get those letters in here.  That's another thing

2    that would help you.  The crime you committed, I

3    read -- I took a little bit longer during the recess

4    here to read some more of the crime and I understand

5    how this thing went down.  I can understand what

6    probably happened but understand also that you'd

7    gone there in the first place with a shotgun.  It

8    gives us an indication that you anticipated some

9    problems.  The hearing is conducted based upon what

10   happens at court which means you were found guilty

11   by a jury trial (inaudible) appellate review so

12   that's what we're looking at here.  I think you're

13   doing pretty good, you're on the right course, and

14   to be very very honest with you you're a guy that I

15   can see based on the crime that you committed that I

16   could give a date to.  You're doing pretty decent

17   and I do wish you good luck.  Once again this is for

18   a period of one year and that does conclude the

19   reading of the decision.  Commissioner Rodriguez?

20        DEPUTY COMMISSIONER RODRIGUEZ:  Yeah,

21   Mr. Hernandez, I want to say briefly we did review

22   the Central File to see that you did get an Olson

23   review which means you got to see your Central File,

24   correct?

25        INMATE HERNANDEZ:  Yes, that's correct.

26        DEPUTY COMMISSIONER RODRIGUEZ:  When you do

27   HECTOR HERNANDEZ  D-33689  DECISION PAGE 4  1/29/02

44

1   that you need to do a thorough review because we

2   cannot give you appropriate credit for having a

3   vocation.  Like I said I do see you do have

4   certificates of achievement which are basically

5   components of mill and cabinet.  If you do have your

6   certificate of completion as you say you do make

7   sure you get it to your counselor so we can give you

8   appropriate credit, okay.  And I want to wish you

9   good luck and I agree with Commissioner Angele.  You

10  are on the right track and good luck.

11          INMATE HERNANDEZ:  Thank you.

12          PRESIDING COMMISSIONER ANGELE:  That does

13  conclude the hearing.  Time is approximately 11:08

14  and good luck to you, sir.

15          INMATE HERNANDEZ:  Thank you.

16          ATTORNEY MACPHERSON:  Are we going to go

17  right into this next hearing?

18          PRESIDING COMMISSIONER ANGELE:  Five or ten

19  minutes, yes.

20                      --oOo--

21

22

23

24

25  PAROLE DENIED ONE YEAR

26  EFFECTIVE DATE OF THIS DECISION _____ MAR 0 4 2002 _____

27  HECTOR HERNANDEZ  D-33689  DECISION PAGE 5    1/29/02

45

CERTIFICATE AND

DECLARATION OF TRANSCRIBER

I, DEBBIE OWENS, a duly designated

transcriber, CAPITOL ELECTRONIC REPORTING, do hereby

declare and certify under penalty of perjury that I

have transcribed tape(s) which total one in number

and cover a total of pages numbered 1 through 44,

and which recording was duly recorded at

CORRECTIONAL TRAINING FACILITY, at SOLEDAD,

CALIFORNIA, in the matter of the SUBSEQUENT PAROLE

CONSIDERATION HEARING of HECTOR HERNANDEZ, CDC No.

D-33689, on January 29, 2002, and that the foregoing

pages constitute a true, complete, and accurate

transcription of the aforementioned tape(s) to the

best of my ability.

I hereby certify that I am a disinterested

party in the above-captioned matter and have no

interest in the outcome of the hearing.

Dated February 7, 2002 at Sacramento County,

California.


Debbie Owens
Transcriber
**CAPITOL ELECTRONIC REPORTING**

# EXHIBIT   "19"

BOARD OF PRISON TERMS                                                STATE OF CALIFO .NIA
LIFE PRISONER DECISION FACE SHEET.

## PERIOD OF CONFINEMENT

### (RECORDS OFFICER USE ONLY)

|  | YR | MO | DAY |
|---|---|---|---|
| Adjusted Period of Confinement.. | | | |
| Date Life Term Begins .... | 1986 | 12 | 22 |
| At Large Time...... | + | | |
| PAROLE DATE | = | | |

## MISCELLANEOUS

/ YR DENIAL

Panel recommendations and requests:
_____ Become  ✓  Remain disciplinary free.
_____ Work towards reducing his/her custody level. (cell STUDY)
 ✓ Upgrade _____ vocationally  ✓  educationally
 ✓ Participate in  ✓  self-help (and)  ✓  therapy.
_____ Transfer to _____ Cat. X _____ Cat. T.

PENAL CODE SECTION 3042 NOTICES     ☒ SENT     (Date) 12/18/02

COMMITMENT OFFENSE

| P187 W/12022.5 | MURDER 2ND W/USE OF FIRE ARM |
|---|---|
| (Code Section) | (Title) |
| 3362753 | 01 |
| (Case Number) | (Count Number) |

| Date Received by CDC | Date Life Term Begins | Controlling MEPD |
|---|---|---|
| 7/7/86 | 12-22-86 | 8/3/96 |

| Type of Hearing | If Subsequent Hearing, Date of Last Hearing |
|---|---|
| ☐ INITIAL    ☒ SUBSEQUENT (Hearing No.)    #4 | 01-29-02 |

Department Representative
D.S. LEVORSE, C&PR

| Counsel for Prisoner | Address |
|---|---|
| DAVID SPOWART | |
| District Attorney Representative | County |
| NO REPRESENTATIVE | FRESNO |

## PAROLE HEARING CALENDAR

*This form and the panel's statement at the conclusion of the hearing constitute a __proposed__ decision and order of the Board of Prison Terms. The decision becomes effective when issued following the decision review process.*

By:

| Presiding (Name) Leonard V. Munoz | Date 2/20/03 |
|---|---|
| Concurring (Name) Easter | Date |
| Concurring (Name) | Date |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | HEARING DATE |
|---|---|---|---|---|
| HERNANDEZ, HECTOR | D33689 | CTF | 1/03 | 02-20-03 |

PT 1001 (Rev. 1/91)

Community Release Board                                                                                    State of California

LIFE PRISONER: PAROLE CONSIDERATION
PROPOSED DECISION  (CRB § 2041)

I.   [✓]  PAROLE DENIED  / YA

     If this proposed decision denying parole is approved, the Board will send you a copy of the approved
     decision, including the reasons for denial of parole, within 30 days of the hearing.

II.   [ ]   PAROLE GRANTED

     A.  Base Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ Months

         _____
         Case No.            Count No.            Offense

     B.  Firearm Enhancement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

     C.  Other Crimes Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

         _____  _____ mos.
         Case No.            Count No.            Offense

         _____  _____ mos.
         Case No.            Count No.            Offense

         _____  _____ mos.
         Case No.            Count No.            Offense

     D.  Total Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .= _____ Months

     E.  Postconviction Credit From _____ To _____ − _____ Months
                                    (Date)          (Date)

     F.  Total Period of Confinement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = _____ Months

     The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed
     pursuant to CRB § 2041, and, if approved, a copy of the approved decision will be sent to you within 30 days,
     and at that time appropriate pre-prison credits will be applied and a parole release date computed.

     You will not engage in any conduct specified in CRB § 2451. Such conduct may result in rescission or post-
     ponement of your parole.

III.  If the proposed decision denying or granting parole is disapproved, you will receive a copy of the decision and
     the reasons for disapproval. The proposed decision will have no effect and you will be scheduled for another
     hearing if necessary.

PANEL HEARING CASE

| Name | Date |
| --- | --- |
| Name | Date |
| Name | Date |

| NAME | CDC NUMBER | INSTITUTION | HEARING DATE |
| --- | --- | --- | --- |
| Hernandiz, Hector | D33689 | CTF | 2-20-03 |

Distribution: White–C. File